■ In the Matter of NICOLE LEE B. and Another, Children Alleged to be Neglected. SENECA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LAURIE M., Appellant. [685 NYS2d 162] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Seneca County Family Court for further proceedings in accordance with the following Memorandum: Respondent appeals from an order terminating a suspended judgment of permanent neglect and respondent's parental rights and transferring custody of respondent's children to petitioner, Seneca County Department of Social Services (DSS), for the purpose of placing the children for adoption. The order also terminated a prior order that had placed the children with respondent.

Family Court erred in terminating the suspended judgment and respondent's parental rights. The court found that respondent violated four conditions of the suspended judgment by (1) failing to obtain counselling for her son; (2) failing to complete alcohol abuse aftercare treatment; (3) failing to sign various releases of information; and (4) failing to abstain from the use of alcohol.

The finding that respondent violated the condition with respect to counselling is not supported by a preponderance of the evidence (*see, Matter of Gerald M.,* 112 AD2d 6; *see also, Matter of Dasheen S.,* 254 AD2d 24). The suspended judgment directed respondent to enroll her son "in a counselling program appropriate to his current needs", and the record establishes that the child received counselling at school. DSS failed to establish that the counselling the child was receiving was not appropriate to his needs. The fact that the social worker believed that additional counselling may have benefitted the child is a separate issue from whether the suspended judgment was violated. Additionally, the court's reliance on statements made by other people and contained in the Law Guardian's report that the child needed additional counselling was improper. Although hearsay is admissible in a dispositional hearing (*see,* Family Ct Act § 624; *Matter of David Michael J.,* 217 AD2d 1008, 1009, *lv denied* 87 NY2d 801), the statements relied on did not rise to the level of hearsay because that report was not evidence. Thus, respondent had no opportunity to refute or challenge those statements.

Nor is the finding that respondent violated a condition of the suspended judgment by failing to sign releases supported by a preponderance of the evidence. The suspended judgment required respondent to sign "releases of information of services being provided to her". The petition alleged that respondent failed to comply with that condition because she did not sign releases to permit the DSS worker to "contact the teachers at the schools that the children are attending". The failure of respondent to sign the requested releases does not constitute a violation of the order, which addresses releases concerning services provided to her.

Although the petition does not allege that respondent violated the condition of the suspended judgment requiring her to abstain from alcohol use, the court found a violation of that condition based on her testimony that she occasionally used alcohol when socializing. The finding that respondent violated a condition of the suspended judgment by failing to complete alcohol abuse aftercare treatment is supported by a preponderance of the evidence. Respondent had been attending the aftercare program but failed to complete it after the children were returned to her because she had moved to an adjacent county and DSS no longer provided transportation to and from the program. At that time, respondent had to attend only two more classes to complete the program.

In light of respondent's progress, the reason for respondent's failure to complete the aftercare treatment program, and the court's finding that the children were doing moderately well in respondent's care, we conclude that, even though respondent failed to comply fully with the conditions of the suspended judgment, it was contrary to the children's best interests and an improvident exercise of discretion to terminate the suspended judgment and respondent's parental rights. Thus, we modify the order by vacating the termination of respondent's parental rights.

Because the suspended judgment expired by its terms nearly two years ago, and the children were placed in foster care by the order on appeal, we remit the matter to Seneca County Family Court to conduct a hearing and determine whether it is in the children's best interests to be returned to respondent or to remain in foster care (*see, Commissioner of Social Servs. [T. C. Children] v Rufelle C.,* 156 Misc 2d 410, 416; *see also,* 22 NYCRR 205.50; Carrieri, 1993 Supp Practice Commentaries, McKinney's Cons Laws of NY, Social Services Law § 384-b, 1998 Pocket Part, at 216-217).

In view of our determination, we do not address the remain-

ing issues raised by respondent. We add only that the prior dispositional orders challenged by respondent are not before us because respondent did not appeal from them. Moreover, the dispositional order finding permanent neglect was entered upon respondent's consent and thus is not appealable by respondent because she is not aggrieved (*see, Matter of Cherilyn P.,* 192 AD2d 1084, *lv denied* 82 NY2d 652). (Appeal from Order of Seneca County Family Court, Bender, J.—Terminate Parental Rights.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.