In the Matter of BRYAN W. and Others, Infants. CHAU-TAUQUA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANN W. et al., Appellants. [749 NYS2d 347] —Appeals from an order of Family Court, Chautauqua County (Claire, J.), entered June 18, 2001, which revoked prior suspended judgments, terminated the parental rights of respondents with respect to their five children, transferred guardianship and custody of the children to petitioner, and freed the children for adoption.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondents each appeal from an order that

revoked prior suspended judgments, terminated their parental rights with respect to their five children, transferred guardianship and custody of the children to petitioner, and freed the children for adoption. Contrary to the contentions of respondents, Family Court properly found that they had violated the conditions of the suspended judgments and properly revoked the suspended judgments and terminated their parental rights (*see Matter of Shavira P.,* 283 AD2d 1027, 1028, *lv denied* 97 NY2d 604; *Matter of Brendan A.,* 278 AD2d 784, 784-785; *Matter of Alka H.,* 278 AD2d 326; *Matter of Robert T.,* 270 AD2d 961, *lv denied* 95 NY2d 758). The contention of respondent Wesley W. that petitioner "intentionally foiled" the reuniting of the family by obstructing the removal of a restrictive condition of his probation is not properly before us. That contention relates to whether petitioner exercised "diligent efforts to encourage and strengthen the parental relationship" (Social Services Law § 384-b [7] [a]), an issue that was conclusively determined in prior proceedings conducted on the petitions to terminate respondents' parental rights. Indeed, each prior order finding permanent neglect and suspending judgment was entered on consent of respondents and thus is beyond appellate review (*see Matter of Nicole Lee B.,* 256 AD2d 1103, 1105, citing *Matter of Cherilyn P.,* 192 AD2d 1084, *lv denied* 82 NY2d 652). These appeals from the order revoking the suspended judgments do not bring up for review the prior orders and proceedings in the matter (*see id.*). Similarly beyond review is the contention of respondent Ann W. that a conflict of interest inhered in one attorney's joint representation of both respondents during prior proceedings in the matter, leading to a denial of effective assistance of counsel. That contention likewise pertains to the prior proceedings conducted in the matter (*see id.*). In any event, in order to prevail upon a claim of ineffective assistance, Ann W. must demonstrate that she was deprived of meaningful representation and that she suffered actual prejudice as a result of the claimed deficiencies of counsel (*see Matter of Jonathan LL.,* 294 AD2d 752, 753; *Matter of Nicholas GG.,* 285 AD2d 678, 679), and she has made no such showing.

Finally, we conclude that the court did not abuse its discretion in declaring Ann W. a hostile witness for purposes of direct examination by petitioner at the violation hearing (*see Matter of Ostrander v Ostrander,* 280 AD2d 793; *Marzuillo v Isom,* 277 AD2d 362, 363; *Jordan v Parrinello,* 144 AD2d 540, 541). Present—Hayes, J.P., Hurlbutt, Kehoe, Burns and Lawton, JJ.