■ In the Matter of AMANDA T., an Infant. ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOHN T., Appellant, et al., Respondent. [771 NYS2d 763]—

Appeal from an amended order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered April 4, 2002. The amended order, insofar as appealed from, terminated the parental rights of respondent John T.

It is hereby ordered that the amended order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an amended order adjudicating his child to be permanently neglected and terminating the parental rights of both respondent and the child's mother. Respondent contends that he received ineffective assistance of counsel, as evidenced by his waiver of the requirement that petitioner establish that it made diligent efforts to reunite him with his child. That waiver was the subject of a prior consent order, and thus respondent's contention concerning ineffective assistance of counsel arising therefrom is not properly before us (*see Matter of Nicole Lee B.*, 256 AD2d 1103, 1105 [1998]; *Matter of Cherilyn P.*, 192 AD2d 1084 [1993], *lv denied* 82 NY2d 652 [1993]). Respondent further contends that, in any event, the waiver is void. That contention also is not properly before us, because respondent failed to appeal from that prior order (*see Nicole Lee B.*, 256 AD2d at 1105). Assuming, arguendo, that the issue concerning the validity of the waiver is properly before us and further assuming, arguendo, that the waiver is void, we nevertheless conclude that petitioner established by clear and convincing evidence that it engaged in efforts to encourage and strengthen the relationship of respondent with his daughter (*see Matter of James R.F.*, 261 AD2d 963 [1999]). Further, by his own admission, respondent failed for a period of more than one year following the date his daughter

was placed in foster care to plan for her future, although he was physically and financially able to do so (*see id.*). Thus, even if respondent's contention concerning ineffective assistance of counsel were properly before us, we would conclude that it lacks merit because respondent failed to establish that he "suffered actual prejudice as a result of the claimed deficiencies of counsel" (*Matter of Bryan W.*, 299 AD2d 929, 930 [2002], *lv denied* 99 NY2d 506 [2003]). Present—Pigott, Jr., P.J., Green, Hurlbutt, Gorski and Lawton, JJ.