■ In the Matter of Terry L.G., an Infant. Erie County Department of Social Services, Respondent; Rachel W., Appellant. [776 NYS2d 429]—

Appeal from an order of the Family Court, Erie County (Janice M. Rosa, J.), entered November 27, 2002 in a proceeding pursuant to Social Services Law § 384-b. The order revoked the suspended judgment and terminated respondent's parental rights.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights, respondent mother appeals from an order revoking the suspended judgment after a hearing and terminating her parental rights upon a finding that she violated its terms and conditions. A suspended judgment provides parents who have been found to have permanently neglected their children with a brief grace period of up to one year within which to prepare themselves to be reunited with their children (*see Matter of Michael B.,* 80 NY2d 299, 311 [1992]). During that period, the parents must comply with the terms and conditions set forth in the judgment that are designed to ameliorate their acts (*see* 22 NYCRR 205.50 [a]). Where there is noncompliance with the conditions of a suspended judgment, Family Court may revoke the suspended judgment and terminate parental rights, provided that the parents' noncompliance is established by a preponderance of the evidence (*see Michael B.,* 80 NY2d at 311; *Matter of Jennifer T.,* 224 AD2d 843, 843-844 [1996]; *Matter of Grace Q.,* 200 AD2d 894, 895 [1994]).

The evidence adduced at the hearing established that, contrary to the condition in the suspended judgment, respondent did not establish stable housing from the outset but, rather, moved three times. Respondent initially moved from Buffalo to Rochester, then returned to Buffalo and lived with her mother, and did not acquire stable housing until less than two months prior to the hearing. The fact that she eventually did secure stable housing does not constitute compliance with the terms of the suspended judgment. Moreover, respondent became pregnant again during the period of the suspended judgment and admitted to smoking marihuana "on one occasion" during the pregnancy. The court did not find respondent credible or sincere. The court is in a unique position to observe the witnesses and determine their credibility and its determinations are entitled to great deference where, as here, those determinations are supported by the record (*see Matter of Angelina AA.*, 211 AD2d 951, 952 [1995], *lv denied* 85 NY2d 808 [1995]). Thus, we conclude that the court properly terminated respondent's parental rights (*see Matter of Orange County Dept. of Social Servs. v Lisa Sue C.*, 220 AD2d 511 [1995]). Present—Pigott, Jr., P.J., Green, Wisner, Scudder and Gorski, JJ.