■ In the Matter of RONALD O. and Others, Infants. ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CATHERINE L.B., Appellant. (Proceeding No. 1.) In the Matter of MARYANN B. and Others, Infants. ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LAWRENCE B., Appellant. (Proceeding No. 2.) [842 NYS2d 801]—

Appeals from an order of the Family Court, Oneida County (Charles C. Merrell, J.), entered September 21, 2006 in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated respondents' parental rights.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondents appeal from an order that, inter alia, revoked a suspended judgment entered upon a finding of permanent neglect and terminated their parental rights. We note at the outset that the contention of respondent mother that the terms of the suspended judgment were so restrictive that it was impossible for her to comply with them relates to whether petitioner exercised "diligent efforts to encourage and strengthen the parental relationship" (Social Services Law § 384-b [7] [a]). That issue is not properly before us because it was conclusively determined in the prior proceedings to terminate respondents' parental rights (*see Matter of Bryan W.*, 299 AD2d 929, 930 [2002], *lv denied* 99 NY2d 506 [2003]). We note in any event that respondents admitted to the permanent

neglect of the children and consented to the entry of the suspended judgment, and thus no appeal would lie therefrom because respondents were not aggrieved, based on their consent (*see Matter of Cherilyn P.*, 192 AD2d 1084 [1993], *lv denied* 82 NY2d 652 [1993]; *see also Matter of Moniea C.*, 9 AD3d 888 [2004]).

With respect to the merits of respondents' contentions concerning revocation of the suspended judgment, it is well established that, during the period of the suspended judgment, " 'the parents must comply with [the] terms and conditions set forth in the judgment that are designed to ameliorate their [actions]' " (*Matter of Kaleb U.*, 280 AD2d 710, 712 [2001]). If the court determines by a preponderance of the evidence that there has been noncompliance with any of the terms of the suspended judgment, the court may revoke the suspended judgment and terminate parental rights (*see Matter of Gracie YY.*, 34 AD3d 1053, 1054 [2006]; *Matter of Nikkias T.*, 32 AD3d 1220 [2006], *lv denied* 7 NY3d 716 [2006]). Here, there is a sound and substantial basis in the record to support the court's determination that respondents violated numerous terms of the suspended judgment and that it is in the children's best interests to terminate respondents' parental rights (*see Gracie YY.*, 34 AD3d at 1054-1056; *Nikkias T.*, 32 AD3d 1220 [2006]). Present— Hurlbutt, J.P., Martoche, Smith, Lunn and Peradotto, JJ.