■ In the Matter of CHRISTOPHER J., III, and Another, Infants. OSWEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DIANE J., Appellant, et al., Respondent. [876 NYS2d 275]—Appeal from an order of the Family Court, Oswego County (David J. Roman, J.), entered May 16, 2008 in a proceeding pursuant to Family Court Act article 10. The order, insofar as appealed from, revoked a suspended judgment and terminated the parental rights of respondent Diane J. with respect to two of her children.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order revoking a suspended judgment and terminating her parental rights with respect to two of her children. The mother failed to preserve for our review her contention that Family Court erred in considering her alleged acts and omissions that occurred either prior to the issuance of the suspended judgment or subsequent to petitioner's motion seeking revocation of the suspended judgment (*see Matter of Brittany K.*, 59 AD3d 952 [2009]). The court's determination that the mother violated the terms of the suspended judgment is supported by a preponderance of the evidence (*see Matter of Seandell L.*, 57 AD3d 1511 [2008]) and, contrary to the mother's further contention, the court was not required to conduct a separate dispositional hearing "inasmuch as '[a] hearing on a petition alleging the violation of a suspended judgment is part of the dispositional phase of a permanent neglect proceeding' " (*id.* at 1511; *see Matter of Christyn Ann D.*, 26 AD3d 491, 493 [2006]). We conclude that the evidence supports the court's determination that the termination of the mother's parental rights with respect to the two children in question is in the best interests of those children (*see Matter of Ronald O.*, 43 AD3d 1351 [2007]). Finally, the mother did not ask the court to consider post-termination contact with the children in question or to conduct a hearing on that issue, and we conclude in any event that she "failed to establish that such contact would be in the best interests of the children" (*Matter of Diana M.T.*, 57 AD3d 1492, 1493 [2008]; *see Matter of Jeremiah BB.*, 11 AD3d 763, 766 [2004]). Present—Hurlbutt, J.P., Martoche, Carni, Green and Pine, JJ.