■ In the Matter of SHAD S., JR., an Infant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; AMY C.Y., Appellant. [888 NYS2d 694]—

Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered December 28, 2007 in a proceeding pursuant to Social Services Law § 384-b. The order revoked an extended suspended judgment and terminated respondent's parental rights.

It is hereby ordered that the order so appealed from is

unanimously reversed on the law without costs and the matter is remitted to Family Court, Erie County, for a new dispositional hearing in accordance with the following memorandum: Respondent mother appeals from an order that, inter alia, revoked an extended suspended judgment entered upon a finding of permanent neglect and terminated her parental rights with respect to the child. We note at the outset that the mother's contention that Family Court failed to consider the tolling provisions of Family Court Act § 633 (e) when it set the expiration date of the extended suspended judgment is raised for the first time on appeal and thus is not properly before us (*see* CPLR 5501 [a] [3]; *see also Matter of James E.*, 17 AD3d 871, 873 [2005]). In any event, we conclude that the expiration date of the extended suspended judgment is of no moment inasmuch as the mother is alleged to have violated the terms and conditions of that suspended judgment. If the agency establishes "by a preponderance of the evidence that there has been noncompliance with any of the terms of the suspended judgment, the court may revoke the suspended judgment and terminate parental rights" (*Matter of Ronald O.*, 43 AD3d 1351, 1352 [2007]; *see* Family Ct Act § 633 [f]; *Matter of Terry L.G.*, 6 AD3d 1144 [2004]). Here, petitioner met that burden with respect to the extended suspended judgment (*see Ronald O.*, 43 AD3d at 1352; *Terry L.G.*, 6 AD3d 1144 [2004]). Petitioner presented evidence at the hearing establishing that the mother failed to obtain suitable housing, failed to attend two out of three appointments with the child's psychologist and failed to provide required documentation concerning her employment and mental health treatment in a timely manner. In addition, petitioner established that the mother failed to demonstrate the parenting skills necessary to understand the child's unique educational situation.

Nevertheless, we further conclude under the circumstances of this case that, "based on new facts and allegations [that] this Court may properly consider . . . , including that the child is [no longer in a preadoptive home] and will not consent to adoption . . . , it is not clear that termination of the mother's parental rights is in the child's best interests" (*Matter of Danielle Joy K.*, 60 AD3d 948, 949 [2009], *lv dismissed* 12 NY3d 865 [2009]; *see Matter of Kayshawn Raheim E.*, 56 AD3d 471, 473 [2008], *lv denied* 12 NY3d 702 [2009]). We therefore reverse the order and remit the matter to Family Court for a new dispositional hearing to determine the child's best interests. Present—Scudder, P.J., Hurlbutt, Green, Pine and Gorski, JJ.