■ In the Matter of TERRANCE M. and Others. MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, Respondent; TERRANCE M., SR., Appellant, et al., Respondent. In the Matter of CHARLOTTE S., Petitioner, v TERRANCE M., SR., Appellant, et al., Respondent. [904 NYS2d 634]—

Appeal from an amended order of the Family Court, Monroe County (Gail A. Donofrio, J.), entered December 22, 2008 in proceedings pursuant to Family Court Act article 6. The amended order, insofar as appealed from, terminated the parental rights of respondent Terrance M., Sr. and dismissed the petition of petitioner Charlotte S. for custody.

It is hereby ordered that said appeal from the amended order insofar as it dismissed the petition of petitioner Charlotte S. is unanimously dismissed and the amended order is otherwise affirmed without costs.

Memorandum: Respondent father appeals from an amended order that, inter alia, terminated his parental rights with respect to three of his children on the ground of permanent neglect. The father contends that Family Court erred in dismissing the petition in which Charlotte S., one of his relatives, sought custody of the children. The father, however, is not aggrieved by that part of the amended order, and his appeal from the amended order insofar as it dismissed that petition must be dismissed (*see Matter of Carol YY. v James OO.*, 68 AD3d 1463 [2009]). We note that Charlotte S. did not take an appeal from the amended order.

The court properly rejected the father's request either to continue the period of the suspended judgment pursuant to Family Court Act § 633 (e) or to extend the period of the suspended judgment pursuant to Family Court Act § 633 (f). "If [petitioner Monroe County Department of Human Services (DHS)] establishes 'by a preponderance of the evidence that

there has been noncompliance with any of the terms of the suspended judgment, the court may revoke the suspended judgment and terminate parental rights' " (*Matter of Shad S. [Amy C.Y.]*, 67 AD3d 1359, 1360 [2009]; *see Matter of Ronald O.*, 43 AD3d 1351 [2007]). Although the suspended judgment had not expired at the time DHS alleged that the father had violated its terms and conditions, DHS established the father's noncompliance with the terms and conditions of the suspended judgment by a preponderance of the evidence. The record of the violation hearing establishes that the father attended only 5 out of 34 possible visits with the children, and it is well settled that maintaining frequent contact with the children by participating in regularly scheduled visitation is essential to developing and maintaining a meaningful parental relationship (*see Matter of Christian Lee R.*, 38 AD3d 235 [2007], *lv denied* 8 NY3d 813 [2007]; *see also Matter of Joshua Justin T.*, 208 AD2d 469 [1994]). Furthermore, the record of the dispositional hearing establishes that the father attended only 9 out of 65 possible visits with the children, had not completed a mental health evaluation, was denied public assistance, and could not verify that he was employed. "The court's assessment that [the father] was not likely to change his behavior is entitled to great deference" (*Matter of Philip D.*, 266 AD2d 909 [1999]; *see Matter of Nathaniel T.*, 67 NY2d 838, 842 [1986]). The record also supports the court's finding that the children have a strong attachment to their foster parents, considered them to be their parents and wished to stay with them (*see generally Eschbach v Eschbach*, 56 NY2d 167, 173 [1982]). Moreover, the foster parents welcomed the children into their home and planned to adopt them. We thus conclude that the court properly terminated the father's parental rights and freed the children for adoption. Present—Scudder, P.J., Martoche, Sconiers, Green and Gorski, JJ.