In the Matter of HASSAN E. and Another, Infants. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KACHOYA H., Appellant. [919 NYS2d 426]—

Memorandum: Respondent mother appeals from an order that, inter alia, revoked a suspended judgment and terminated her parental rights with respect to the children who are the subject of this proceeding. With respect to the contention of the mother that petitioner failed to establish that she violated the terms of the suspended judgment, "it is well established that, during the period of the suspended judgment, the parent[ ] must comply with [the] terms and conditions set forth in the judgment that are designed to ameliorate [his or her] actions" (*Matter of Ronald O.*, 43 AD3d 1351, 1352 [2007] [internal quotation marks omitted]). "If [petitioner] establishes 'by a preponderance of the evidence that there has been noncompliance with any of the terms of the suspended judgment, the court may revoke the suspended judgment and terminate parental rights' " (*Matter of Shad S. [Amy C.Y.]*, 67 AD3d 1359, 1360 [2009]; *see* Family Ct Act § 633 [f]). Here, contrary to the contention of the mother, a preponderance of the evidence supports Family Court's determination that she violated numerous terms of the suspended judgment and that it is in the children's best interests to terminate her parental rights (*see Matter of Terrance M. [Terrance M., Sr.]*, 75 AD3d 1147 [2010]; *Matter of Giovanni K. [Dawn K.]*, 68 AD3d 1766 [2009], *lv denied* 14 NY3d 707 [2010]).

"Finally, the mother did not ask the court to consider post-termination contact with the children in question or to conduct a hearing on that issue, and we conclude in any event that she 'failed to establish that such contact would be in the best interests of the children' " (*Matter of Christopher J.*, 60 AD3d

1402, 1403 [2009]; *see Matter of Andrea E. [Valerie E.],* 72 AD3d 1617 [2010], *lv denied* 15 NY3d 703 [2010]). Present—Smith, J.P., Fahey, Carni, Lindley and Gorski, JJ.