# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**309**
**CAF 09-02111**
PRESENT: SMITH, J.P., FAHEY, CARNI, LINDLEY, AND GORSKI, JJ.

---

IN THE MATTER OF HASSAN E. AND JAMEELAH L.
--------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,       MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

KACHOYA H., RESPONDENT-APPELLANT.

---

BERNADETTE M. HOPPE, BUFFALO, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILDREN, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL), FOR HASSAN E. AND JAMEELAH L.

---

Appeal from an order of the Family Court, Erie County (Patricia A. Maxwell, J.), entered October 2, 2009 in a proceeding pursuant to Family Court Act article 6. The order, among other things, revoked a suspended judgment and terminated respondent's parental rights.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order that, inter alia, revoked a suspended judgment and terminated her parental rights with respect to the children who are the subject of this proceeding. With respect to the contention of the mother that petitioner failed to establish that she violated the terms of the suspended judgment, "it is well established that, during the period of the suspended judgment, the parent[] must comply with the terms and conditions set forth in the judgment that are designed to ameliorate [his or her] actions" (*Matter of Ronald O.*, 43 AD3d 1351, 1352 [internal quotation marks omitted]). "If [petitioner] establishes 'by a preponderance of the evidence that there has been noncompliance with any of the terms of the suspended judgment, the court may revoke the suspended judgment and terminate parental rights' " (*Matter of Shad S.*, 67 AD3d 1359, 1360; *see* Family Ct Act § 633 [f]). Here, contrary to the contention of the mother, a preponderance of the evidence supports Family Court's determination that she violated numerous terms of the suspended judgment and that it is in the children's best interests to terminate her parental rights (*see Matter of Terrance M.*, 75 AD3d 1147; *Matter of Giovanni K.*, 68 AD3d 1766, *lv denied* 14 NY3d 707).

"Finally, the mother did not ask the court to consider

post-termination contact with the children in question or to conduct a hearing on that issue, and we conclude in any event that she 'failed to establish that such contact would be in the best interests of the children' " (*Matter of Christopher J.*, 60 AD3d 1402, 1403; *see Matter of Andrea E.*, 72 AD3d 1617, *lv denied* 15 NY3d 703).

Entered:  March 25, 2011                         Patricia L. Morgan
                                                  Clerk of the Court