# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**266**
**CAF 10-00543**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF ROBERT D. SECRIST,
PETITIONER-APPELLANT,

V                                                  MEMORANDUM AND ORDER

KRISTA BROWN, RESPONDENT-RESPONDENT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF
COUNSEL), FOR PETITIONER-APPELLANT.

STEVEN J. LORD, ATTORNEY FOR THE CHILDREN, ARCADE, FOR KYLA B. AND
JADE B.

-------------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Cattaraugus County
(Michael L. Nenno, J.), entered February 24, 2010 in a proceeding
pursuant to Family Court Act article 6.  The order dismissed the
petition seeking visitation.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Petitioner father, who is incarcerated, appeals from
an order dismissing his petition seeking visitation with the parties'
children without a hearing.  Although generally " '[a] determination
of the [children's] best interests should only be made after a full
evidentiary hearing,' " no such hearing is required where " 'there is
sufficient information before the court to enable it to undertake an
independent comprehensive review of the [children's] best interests' "
(*Matter of Mills v Sweeting*, 278 AD2d 943, 944).  Here, the father was
incarcerated for killing respondent mother's boyfriend, and the
Attorney for the Child informed Family Court at the initial appearance
that there was an order of protection in effect prohibiting the father
from having contact with his children for a period of 100 years.  The
father was represented by counsel, who did not dispute the existence
of the order of protection.  Under the circumstances of this case, we
conclude that the court properly dismissed the father's visitation
petition without a hearing (*see Matter of Amir J.-L.*, 57 AD3d 669, *lv
dismissed* 12 NY3d 905, *rearg denied* 13 NY3d 769).  We reject the
father's contention that he was denied effective assistance of counsel
(*see generally Matter of Amanda T.*, 4 AD3d 846).  In light of the
order of protection, there was nothing counsel could have done to

obtain visitation for the father unless the order of protection was vacated or modified in criminal court.