■ In the Matter of KEYON M. and Others, Infants. MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, Respondent; KENYETTA M., Appellant. [924 NYS2d 879]—

Appeal from an order of the Family Court, Monroe County (John J. Rivoli, J.), entered April 15, 2010 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order that, inter alia, revoked a suspended judgment and terminated her parental rights with respect to the minor children who are the subject of this proceeding. Contrary to the mother's contention, "[a] hearing on a petition alleging the violation of a suspended judgment is part of the dispositional phase of a permanent neglect proceeding," and thus Family Court properly permitted petitioner to introduce evidence at the hearing concerning the children's best interests (*Matter of Saboor C.*, 303 AD2d 1022, 1023 [2003]; *see Matter of Christopher J.*, 60 AD3d 1402 [2009]; *Matter of Seandell L.*, 57 AD3d 1511 [2008], *lv denied* 12 NY3d 708 [2009]). "If [petitioner] establishes 'by a preponderance of the evidence that there has been noncompliance with any of the terms of the suspended judgment, the court may revoke the suspended judgment and terminate parental rights' " (*Matter of Shad S. [Amy C.Y.]*, 67 AD3d 1359, 1360 [2009]; *see* Family Ct Act § 633 [f]; *Matter of Terrance M. [Terrance M., Sr.]*, 75 AD3d 1147, 1147-1148 [2010]). Here, contrary to the further contention of the mother, a preponderance of the evidence supports the court's determination that she violated numerous terms of the suspended judgment and that it is in the children's best interests to terminate her parental rights (*see Terrance M.*, 75 AD3d at 1148). Present—Scudder, P.J., Fahey, Lindley, Green and Gorski, JJ.