# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**645**

**CAF 10-00925**

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, GREEN, AND GORSKI, JJ.

---

IN THE MATTER OF KEYON M., AARIONNA M.,
HIRAM S., AND LESTARIYAH A.
------------------------------------------          MEMORANDUM AND ORDER
MONROE COUNTY DEPARTMENT OF HUMAN SERVICES,
PETITIONER-RESPONDENT;

KENYETTA M., RESPONDENT-APPELLANT.

---

SHIRLEY A. GORMAN, BROCKPORT, FOR RESPONDENT-APPELLANT.

WILLIAM K. TAYLOR, COUNTY ATTORNEY, ROCHESTER (CAROL L. EISENMAN OF
COUNSEL), FOR PETITIONER-RESPONDENT.

TANYA J. CONLEY, ATTORNEY FOR THE CHILDREN, ROCHESTER, FOR KEYON M.,
AARIONNA M., HIRAM S., AND LESTARIYAH A.

---

Appeal from an order of the Family Court, Monroe County (John J.
Rivoli, J.), entered April 15, 2010 in a proceeding pursuant to Social
Services Law § 384-b.  The order, among other things, terminated
respondent's parental rights.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Respondent mother appeals from an order that, inter
alia, revoked a suspended judgment and terminated her parental rights
with respect to the minor children who are the subject of this
proceeding.  Contrary to the mother's contention, "[a] hearing on a
petition alleging the violation of a suspended judgment is part of the
dispositional phase of a permanent neglect proceeding," and thus
Family Court properly permitted petitioner to introduce evidence at
the hearing concerning the children's best interests (*Matter of Saboor
C.*, 303 AD2d 1022, 1023; *see Matter of Christopher J.*, 60 AD3d 1402;
*Matter of Seandell L.*, 57 AD3d 1511, *lv denied* 12 NY3d 708).  "If
[petitioner] establishes 'by a preponderance of the evidence that
there has been noncompliance with any of the terms of the suspended
judgment, the court may revoke the suspended judgment and terminate
parental rights' " (*Matter of Shad S.*, 67 AD3d 1359, 1360; *see* Family
Ct Act § 633 [f]; *Matter of Terrance M.*, 75 AD3d 1147, 1147-1148).
Here, contrary to the further contention of the mother, a
preponderance of the evidence supports the court's determination that
she violated numerous terms of the suspended judgment and that it is
in the children's best interests to terminate her parental rights (*see*

*Terrance M.*, 75 AD3d at 1148).