# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**682**

**CAF 10-02106**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, GORSKI, AND MARTOCHE, JJ.

---

IN THE MATTER OF JANE H.
------------------------------------------------
ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES,   MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

SUSAN H., RESPONDENT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF
COUNSEL), FOR RESPONDENT-APPELLANT.

GORDON J. CUFFY, COUNTY ATTORNEY, SYRACUSE (SARA J. LANGAN OF
COUNSEL), FOR PETITIONER-RESPONDENT.

CHRISTOPHER E. BURKE, ATTORNEY FOR THE CHILD, SYRACUSE, FOR JANE H.

---

Appeal from an order of the Family Court, Onondaga County (Bryan
R. Hedges, J.), entered September 29, 2010 in a proceeding pursuant to
Social Services Law § 384-b.  The order, among other things,
terminated respondent's parental rights to the subject child.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  On appeal from an order terminating her parental
rights with respect to the child at issue, respondent mother contends
that Family Court abused its discretion in refusing to issue a
suspended judgment.  We reject that contention.  The record supports
the court's determination that a suspended judgment, i.e., "a brief
grace period designed to prepare the parent to be reunited with the
child" (*Matter of Michael B.*, 80 NY2d 299, 311), was not in the
child's best interests (*see Matter of Shadazia W.*, 52 AD3d 1330, *lv
denied* 11 NY3d 706; *Matter of Danielle N.*, 31 AD3d 1205).  "The
court's assessment that [the mother] was not likely to change [her]
behavior is entitled to great deference" (*Matter of Philip D.*, 266
AD2d 909).  The mother correctly concedes that she failed to request
that the court consider post-termination contact and, in any event, we
conclude that the mother failed to establish that such contact would
be in the best interests of the child (*see Matter of Andrea E.*, 72
AD3d 1617, *lv denied* 15 NY3d 703; *Matter of Christopher J.*, 60 AD3d
1402).  The child has resided with her foster family for almost her
entire life, and the evidence established that there was no bond

between the mother and the child.

Entered: June 10, 2011

Patricia L. Morgan
Clerk of the Court