# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1432**
**CAF 11-01663**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, WHALEN, AND MARTOCHE, JJ.
_____

IN THE MATTER OF MALIK S.
-------------------------------------
ONONDAGA COUNTY DEPARTMENT OF SOCIAL                MEMORANDUM AND ORDER
SERVICES, PETITIONER-RESPONDENT;

JANA M., RESPONDENT-APPELLANT.
(APPEAL NO. 1.)
_____

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF
COUNSEL), FOR RESPONDENT-APPELLANT.

GORDON J. CUFFY, COUNTY ATTORNEY, SYRACUSE (SARA J. LANGAN OF
COUNSEL), FOR PETITIONER-RESPONDENT.
---------------------------------------------------------------------------

Appeal from an order of the Family Court, Onondaga County (Martha
E. Mulroy, J.), entered August 8, 2011 in a proceeding pursuant to
Social Services Law § 384-b.  The order, inter alia, revoked a
suspended judgment and terminated the parental rights of respondent.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs and the matter is
remitted to Family Court, Onondaga County, for a dispositional hearing
in accordance with the following Memorandum:  In appeal No. 1,
respondent mother appeals from an order that, inter alia, revoked a
suspended judgment and terminated her parental rights with respect to
the child who is the subject of this proceeding.  In appeal No. 2, the
mother appeals from an order setting forth the terms and conditions
regarding posttermination contact with the child.

With respect to appeal No. 1, it is well settled that, during the
period of a suspended judgment, a parent " 'must comply with [the]
terms and conditions set forth in the judgment that are designed to
ameliorate' " the circumstances which resulted in the original finding
of permanent neglect (*Matter of Kaleb U.*, 280 AD2d 710, 712).  If the
agency establishes by a preponderance of the evidence that there has
been noncompliance with any of the terms of the suspended judgment,
Family Court may revoke the suspended judgment and terminate parental
rights (*see Matter of Gracie YY.*, 34 AD3d 1053, 1054; *Matter of
Nikkias T.*, 32 AD3d 1220, 1221, *lv denied* 7 NY3d 716).  Here,
petitioner met that burden inasmuch as the evidence established that
the mother violated numerous terms of the suspended judgment (*see
Matter of Elizabeth J. [Jocelyn J.]*, 87 AD3d 1406, 1406, *lv denied* 18
NY3d 804; *Matter of Ronald O.*, 43 AD3d 1351, 1352).

The mother's contention that petitioner was required to submit medical or psychological evidence establishing that termination of her parental rights was in the best interests of the child is unpreserved for our review and without merit (*see generally Matter of McCullough v Brown*, 21 AD3d 1349, 1349).  The mother also failed to preserve for our review her contention that the court should have extended the term of the suspended judgment (*see* Family Ct Act § 633 [b]; *see generally Matter of Sean W. [Brittany W.]*, 87 AD3d 1318, 1319, *lv denied* 18 NY3d 802).

Nevertheless, petitioner and the mother allege new circumstances and request that we remit this matter to the court for a dispositional hearing.  It is well settled that "changed circumstances may have particular significance in child custody matters," and we may take notice of those new circumstances (*Matter of Michael B.*, 80 NY2d 299, 318).  Here, the alleged new circumstances include allegations that the adoptive placement was disrupted and the child is currently living in a group home, that no other adoptive placement has been located, that the child no longer wishes to be adopted, that the child has reestablished contact with his maternal grandmother, and that the maternal grandmother intends to pursue legal custody.  In light of those alleged new circumstances, " 'it is not clear that termination of the mother's parental rights is in the child's best interests' " (*Matter of Shad S. [Amy C.Y.]*, 67 AD3d 1359, 1360; *see Matter of Arthur C.*, 66 AD3d 1009, 1010).  We therefore reverse the order in appeal No. 1 and remit the matter to Family Court for a dispositional hearing to determine the child's best interests.

With respect to appeal No. 2, in light of our determination in appeal No. 1, we reverse the order granting posttermination contact.

Entered:  December 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court