*1777 With respect to appeal No. 1, it is well settled that, during the period of a suspended judgment, a parent “ ‘must comply with [the] terms and conditions set forth in the judgment that are designed to ameliorate’ ” the circumstances which resulted in the original finding of permanent neglect (Matter of Kaleb U, 280 AD2d 710, 712 [2001]). If the agency establishes by a preponderance of the evidence that there has been noncompliance with any of the terms of the suspended judgment, Family Court may revoke the suspended judgment and terminate parental rights (see Matter of Grade YY., 34 AD3d 1053, 1054 [2006] ; Matter of Nikkias T, 32 AD3d 1220, 1221 [2006], lv denied 7 NY3d 716 [2006]). Here, petitioner met that burden inasmuch as the evidence established that the mother violated numerous terms of the suspended judgment (see Matter of Elizabeth J. [Jocelyn J.], 87 AD3d 1406, 1406 [2011], lv denied 18 NY3d 804 [2011]; Matter of Ronald O., 43 AD3d 1351, 1352 [2007] ).
The mother’s contention that petitioner was required to submit medical or psychological evidence establishing that termination of her parental rights was in the best interests of the child is unpreserved for our review and without merit (see generally Matter of McCullough v Brown, 21 AD3d 1349, 1349 [2005]). The mother also failed to preserve for our review her contention that the court should have extended the term of the suspended judgment (see Family Ct Act § 633 [b]; see generally Matter of Sean W. [Brittany WJ, 87 AD3d 1318, 1319 [2011], lv denied 18 NY3d 802 [2011]).
Nevertheless, petitioner and the mother allege new circumstances and request that we remit this matter to the court for a dispositional hearing. It is well settled that “changed circumstances may have particular significance in child custody matters,” and we may take notice of those new circumstances (Matter of Michael B., 80 NY2d 299, 318 [1992]). Here, the alleged new circumstances include allegations that the adoptive placement was disrupted and the child is currently living in a group home, that no other adoptive placement has been located, that the child no longer wishes to be adopted, that the child has reestablished contact with his maternal grandmother, and that the maternal grandmother intends to pursue legal custody. In light of those alleged new circumstances, “ ‘it is not clear that *1778 termination of the mother’s parental rights is in the child’s best interests’ ” (Matter of Shad S. [Amy C.Y.], 67 AD3d 1359, 1360 [2009]; see Matter of Arthur C., 66 AD3d 1009, 1010 [2009]). We therefore reverse the order in appeal No. 1 and remit the matter to Family Court for a dispositional hearing to determine the child’s best interests.
With respect to appeal No. 2, in light of our determination in appeal No. 1, we reverse the order granting posttermination contact. Present — Centra, J.P., Peradotto, Lindley, Whalen and Martoche, JJ.