# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**320**

**CAF 12-02038**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

IN THE MATTER OF MIKEL B., MIGUEL B.,
EMADI B., NASSAIR B. AND CARLOS B., JR.
------------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,                    MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

CARLOS B., RESPONDENT-APPELLANT.
------------------------------------------------
IN THE MATTER OF GADA B.
------------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

CARLOS B., RESPONDENT-APPELLANT,
AND VIANEZ V., RESPONDENT.

---

DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILDREN, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL).

---

Appeal from an order of the Family Court, Erie County (Margaret
O. Szczur, J.), entered October 15, 2012 in proceedings pursuant to
Social Services Law § 384-b.  The order, among other things,
terminated respondent-appellant's parental rights with respect to his
five oldest children.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Respondent father appeals from an order that, inter
alia, revoked a suspended judgment entered upon a finding of permanent
neglect, terminated his parental rights with respect to his five
oldest children, and determined that he derivatively neglected his
youngest child.  Initially, we note that the father contends that he
has been denied adequate appellate review because several parts of the
transcript of the proceedings are missing due to apparent failures in
the recording device.  We reject that contention.  The father failed
to seek a reconstruction hearing with respect to the missing parts of
the record (*cf. Matter of China Fatimah S.*, 272 AD2d 138, 138, *lv
denied* 95 NY2d 769) and, indeed, he stipulated to the accuracy of the
record on appeal.  In any event, we conclude that "the record as

submitted is sufficient for this Court to determine" the issues raised on appeal (*Matter of Stephen B.* [appeal No. 2], 195 AD2d 1065, 1065).

The father contends that the order on appeal should be reversed because the terms of the suspended judgment were too restrictive, i.e., it "was unrealistic to expect [him] to step in and take care of all five of the children by himself." That contention is in fact a challenge to the terms of the suspended judgment, which "was entered on consent of [the father] and thus is beyond appellate review" (*Matter of Bryan W.*, 299 AD2d 929, 930, *lv denied* 99 NY2d 506).

With respect to the father's contention that petitioner failed to establish that he violated the terms of the suspended judgment, "it is well established that, during the period of the suspended judgment, the parent[] must comply with [the] terms and conditions set forth in the judgment that are designed to ameliorate [his or her] actions" (*Matter of Ronald O.*, 43 AD3d 1351, 1352 [internal quotation marks omitted]). "If [petitioner] establishes 'by a preponderance of the evidence that there has been noncompliance with any of the terms of the suspended judgment, [Family C]ourt may revoke the suspended judgment and terminate parental rights' " (*Matter of Shad S. [Amy C.Y.]*, 67 AD3d 1359, 1360; *see* Family Ct Act § 633 [f]). Here, contrary to the father's contention, a preponderance of the evidence supports the court's determination that he violated numerous terms of the suspended judgment and that it is in the children's best interests to terminate his parental rights (*see Matter of Giovanni K.*, 68 AD3d 1766, 1766-1767, *lv denied* 14 NY3d 707; *see also Matter of Malik S. [Jana M.]*, 101 AD3d 1776, 1777).

Contrary to the father's further contention, the court properly determined that the evidence with respect to the finding that the father permanently neglected his older children established his derivative neglect of the youngest child. "A finding of derivative neglect may be made where the evidence with respect to [a] child found to be abused or neglected 'demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in [the parent's] care' " (*Matter of Jovon J.*, 51 AD3d 1395, 1396; *see generally* Family Ct Act § 1046 [a] [i]). Here, the "circumstances surrounding the neglect of the [father]'s other children can be said to evidence fundamental flaws in the [father's] understanding of the duties of parenthood" (*Matter of Angel L.H. [Melissa H.]*, 85 AD3d 1637, 1637-1638, *lv denied* 17 NY3d 711 [internal quotation marks omitted]), and thus they support the finding of derivative neglect (*see Jovon J.*, 51 AD3d at 1396; *see also Matter of Ariel C.W.-H. [Christine W.]*, 89 AD3d 1438, 1439).

Entered:  March 28, 2014                    Frances E. Cafarell
                                            Clerk of the Court