SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**731**
**CAF 12-02293**
PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, VALENTINO, AND DEJOSEPH, JJ.

---

IN THE MATTER OF SAVANNA G.
------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,      MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

DANYELLE M., RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

BERNADETTE M. HOPPE, BUFFALO, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL).

---

Appeal from an order of the Family Court, Erie County (Sharon M.
LoVallo, J.), entered December 6, 2012 in a proceeding pursuant to
Social Services Law § 384-b.  The order, among other things, adjudged
that the subject child is a permanently neglected child and
transferred respondent's guardianship and custody rights to
petitioner.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  In appeal No. 1, respondent mother appeals from an
order terminating her parental rights with respect to her daughter on
the ground of permanent neglect.  In appeal No. 2, the mother appeals
from an order revoking a suspended judgment and terminating her
parental rights with respect to her son.

Initially, we reject the contention of the Attorney for the
Children that the appeals must be dismissed because the orders were
entered upon the mother's default.  " 'A party who is represented at a
scheduled court appearance by an attorney has not failed to appear' "
(*Matter of Erie County Dept. of Social Servs. v Thompson*, 91 AD3d
1327, 1328).  The mother initially appeared at the fact-finding
hearing, and her attorney participated in the hearing by presenting an
opening statement and cross-examining the first witness.  The mother's
attorney chose not to participate in the remainder of the hearing when
the mother left the courtroom after the first witness testified.
Inasmuch as the mother's attorney "appeared at and participated in the
hearing" until the mother left the courtroom, "there was no default"
(*Matter of Danielle M.*, 26 AD3d 748, 748, *lv denied* 7 NY3d 703; *see*

*Thompson*, 91 AD3d at 1328; *Matter of Isaiah H.*, 61 AD3d 1372, 1373).

We conclude in appeal No. 1 that Family Court properly determined that the daughter is a permanently neglected child and properly terminated the mother's parental rights with respect to her. "Petitioner met its burden of establishing by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between the mother and [the child] by providing services and other assistance aimed at ameliorating or resolving the problems preventing [the child's] return to [the mother's] care . . . , and that the mother failed substantially and continuously to plan for the future of the child although physically and financially able to do so . . . Although the mother participated in the services offered by petitioner, she did not successfully address or gain insight into the problems that led to the removal of the child and continued to prevent the child's safe return" (*Matter of Makayla S. [Alecia P.]*, 115 AD3d 1247, 1247-1248 [internal quotation marks omitted]; *see Matter of Tiosha J. [Kachoya H.]*, 96 AD3d 1498, 1498).

With respect to appeal No. 2, it is well settled that, "[i]f [petitioner] establishes by a preponderance of the evidence that there has been noncompliance with any of the terms of the suspended judgment, the court may revoke the suspended judgment and terminate parental rights" (*Matter of Keyon M. [Kenyetta M.]*, 85 AD3d 1560, 1561, *lv denied* 17 NY3d 709 [internal quotation marks omitted]; *see* Family Ct Act § 633 [f]). Contrary to the mother's contention, the court properly determined that petitioner established by a preponderance of the evidence that she violated a condition of the suspended judgment by failing to attend scheduled visits with her son and that it was in her son's best interests to terminate her parental rights (*see Matter of Terrance M. [Terrance M., Sr.]*, 75 AD3d 1147, 1148).

Entered: June 20, 2014

Frances E. Cafarell
Clerk of the Court