Matter of Harmony W. (Jessica W.) (2021 NY Slip Op 00676)





Matter of Harmony W. (Jessica W.)


2021 NY Slip Op 00676


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, WINSLOW, AND BANNISTER, JJ.


82 CAF 18-02380

[*1]IN THE MATTER OF HARMONY W. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; JESSICA W., RESPONDENT-APPELLANT. (APPEAL NO. 1.)






WILLIAM D. BRODERICK, JR., ELMA, FOR RESPONDENT-APPELLANT
REBECCA HOFFMAN, BUFFALO, FOR PETITIONER-RESPONDENT. 
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (MELISSA J. HORVATITS OF COUNSEL), ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Erie County (Lisa Bloch Rodwin, J.), entered December 4, 2018 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, revoked a suspended judgment and terminated the parental rights of respondent with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent mother appeals from an order that, inter alia, revoked a prior suspended judgment entered upon her admission to permanently neglecting the subject child and terminated her parental rights with respect to that child. We affirm. Contrary to the mother's contention, Family Court did not abuse its discretion in refusing to extend the suspended judgment (see Matter of Leala T., 55 AD3d 997, 998 [3d Dept 2008]; see generally Family Ct Act § 633 [f]).
The mother's appeal "from the order revoking the suspended judgment[] do[es] not bring up for review the prior orders and proceedings in the matter," including the suspended judgment itself (Matter of Bryan W., 299 AD2d 929, 930 [4th Dept 2002], lv denied 99 NY2d 506 [2003]; see Matter of Nicole Lee B., 256 AD2d 1103, 1105 [4th Dept 1998]; see also People v Lawlor, 49 AD3d 1270, 1270 [4th Dept 2008], lv denied 10 NY3d 936 [2008]; Schieck v Schieck, 138 AD2d 688, 691 [2d Dept 1988]; but see Matter of Ulawrence J., 10 AD3d 658, 658 [2d Dept 2004]). Thus, the mother's current claim of ineffective assistance in connection with the suspended judgment itself is not reviewable on this appeal (see Matter of Gerald BB., 51 AD3d 1081, 1082-1083 [3d Dept 2008], lv denied 11 NY3d 703 [2008], rearg denied 12 NY3d 776 [2009]; Bryan W., 299 AD2d at 930). The mother's remaining challenges to the suspended judgment, i.e., that it was procedurally deficient, substantively unreasonable, and involuntarily entered, are likewise not reviewable on appeal from the order revoking the suspended judgment (see Bryan W., 299 AD2d at 930). The mother's "remedy with respect to each contention [directed at the suspended judgment] is to move in Family Court to vacate [such judgment]" (Matter of Ras v Rupp, 295 AD2d 892, 893 [4th Dept 2002]; see Matter of Dimitry E. [Clarissa E.], 177 AD3d 1223, 1224 [3d Dept 2019]; Matter of Jessica M. v Julio G.R., 176 AD3d 584, 585 [1st Dept 2019]).
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court