Matter of Noah C. (Greg C.) (2024 NY Slip Op 01430)

Matter of Noah C. (Greg C.)

2024 NY Slip Op 01430

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, OGDEN, GREENWOOD, AND KEANE, JJ.

188 CAF 22-01143

[*1]IN THE MATTER OF NOAH C., ROMEO C., JADEN C., AND JACOB C. ONTARIO COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; GREG C. AND JACQUELINE C., RESPONDENTS-APPELLANTS. MARYBETH D. BARNET, ESQ., ATTORNEY FOR THE CHILDREN, APPELLANT. SHARON ALLEN, ESQ., ATTORNEY FOR THE CHILD, APPELLANT. ANDREW G. MORABITO, ESQ., ATTORNEY FOR THE CHILD, APPELLANT. 

CARA A. WALDMAN, FAIRPORT, FOR RESPONDENT-APPELLANT GREG C.
MICHAEL J. PULVER, NORTH SYRACUSE, FOR RESPONDENT-APPELLANT JACQUELINE C. 
MARYBETH D. BARNET, MIDDLESEX, ATTORNEY FOR THE CHILDREN, APPELLANT PRO SE. 
SHARON ALLEN, KEUKA PARK, ATTORNEY FOR THE CHILD, APPELLANT PRO SE.
ANDREW G. MORABITO, EAST ROCHESTER, ATTORNEY FOR THE CHILD, APPELLANT PRO SE. 
 

 Appeals from an order of the Family Court, Ontario County (Jacqueline E. Sisson, J.), entered July 12, 2022, in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated respondents' parental rights with respect to the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the disposition with respect to the three oldest children, and as modified the order is affirmed without costs and the matter is remitted to Family Court, Ontario County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 6 and Social Services Law § 384-b, respondent parents and the four subject children appeal from an order that, inter alia, revoked prior suspended judgments entered upon respondents' admissions to permanently neglecting the children, terminated respondents' parental rights, and directed that the children be freed for adoption. We conclude that there is a sound and substantial basis in the record to support Family Court's determination that petitioner established by a preponderance of the evidence that respondents violated numerous terms of the suspended judgments and that, given the facts and circumstances at the time of the hearing, it was in the children's best interests to terminate respondents' parental rights (see Matter of Dominic T.M. [Cassie M.], 169 AD3d 1469, 1470 [4th Dept 2019], lv denied 33 NY3d 902 [2019]; Matter of Aiden T. [Melissa S.], 164 AD3d 1663, 1664 [4th Dept 2018], lv denied 32 NY3d 917 [2019]).
Nevertheless, the three oldest children, along with the father, assert that new facts and allegations warrant remittal for a new dispositional hearing to determine the best interests of those children. We may "consider . . . new facts and allegations 'to the extent [that] they indicate that the record before us is no longer sufficient' to determine whether termination of . . . parental rights is in [a child's] best interests" (Matter of Gena S. [Karen M.], 101 AD3d 1593, 1595 [4th Dept 2012], lv dismissed 21 NY3d 975 [2013], quoting Matter of Michael B., 80 NY2d 299, 318 [1992]; see Matter of Darlenea T. [Wanda A.], 122 AD3d 1416, 1417 [4th Dept 2014]; Matter of Malik S. [Jana M.], 101 AD3d 1776, 1777-1778 [4th Dept 2012]; Matter of Shad S. [Amy C.Y.], 67 AD3d 1359, 1360 [4th Dept 2009]). Here, the court's best interests determination was based, in part, on the fact that the oldest child had been successfully placed with a kinship guardian, and that the second oldest child, the third oldest child, and the youngest child had long lived with foster parents who were willing to adopt them. The attorneys for the oldest child, the second oldest child, and the third oldest child now report that, in the intervening 20 months since the entry of the order on appeal, among other things, the oldest child's kinship guardianship has been terminated, the second oldest child's adoptive placement has been disrupted inasmuch as he repeatedly absconded from the foster parents' home and his paternal grandmother has been awarded custody of him, and there is a pending custody petition by the paternal grandmother for the third oldest child, who will turn 14 years old later this year and remains steadfast in his opposition to being adopted (see Malik S., 101 AD3d at 1777; see also Darlenea T., 122 AD3d at 1417; Gena S., 101 AD3d at 1595; Shad S., 67 AD3d at 1360). Although other new facts and allegations asserted by petitioner suggest that termination of respondents' parental rights might remain in the best interests of the oldest child, the second oldest child, and the third oldest child, we conclude that the record before us is no longer sufficient to determine whether termination of respondents' parental rights is in the best interests of those children (see Darlenea T., 122 AD3d at 1417; Gena S., 101 AD3d at 1595; Malik S., 101 AD3d at 1777-1778; Shad S., 67 AD3d at 1360; see generally Michael B., 80 NY2d at 318). We therefore modify the order by vacating the disposition with respect to the three oldest children and remit the matter to Family Court for a new dispositional hearing to determine the best interests of those children. We note that there are no new facts or allegations with respect to the circumstances of the youngest child, and that "the conflict between the result with respect to [the youngest child] and the results with respect to [the three oldest children] is of no moment inasmuch as termination has been upheld with respect to younger siblings in similar circumstances" (Gena S., 101 AD3d at 1595).
We have considered the parties' remaining contentions and conclude that none warrants further modification or reversal of the order.
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court