■ In the Matter of APARICIO RODRIGO B. and Another, Infants. ASUNCION B. et al., Appellants; MIRACLE MAKERS, INC., Respondent. [815 NYS2d 46]—

Orders of disposition, Family Court, New York County (Sara P. Schechter, J.), entered August 17, 2004, upon a finding that respondents had violated a suspended judgment, terminating respondents' parental rights to the subject children and committing the children's guardianship and custody to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

The updated minutes indicate that new counsel had been assigned no later than April 11, 2002, only eight days after Family Court was advised that prior counsel was no longer a member of the panel and more than a month before the May 15 proceedings at which respondent admitted to permanent neglect and agreed to the suspended judgment. The same minutes also indicate that a Spanish language interpreter was present at the May 15 proceedings. Accordingly, there is no factual basis for the mother's contentions that she was without counsel for over a month during which there were three court appearances and the suspended judgment was drafted, and that her consent to the suspended judgment was not voluntarily and intelligently made. Respondents' violation of the suspended judgment is supported by a preponderance of the evidence (*see Matter of*

*Ferdinand V.,* 277 AD2d 133 [2000], *lv denied* 96 NY2d 705 [2001]) showing, inter alia, that they failed to make their apartment habitable for the children and missed family therapy sessions. Respondents' violation of the suspended judgment shows that they cannot provide a nurturing, stable home for the children, and that termination of their parental rights is in the best interests of the children, who have been in foster care since birth. Two aspects of Family Court's handling of this matter should be addressed. First, contrary to Family Court's assertion, the petitioning agency is not responsible for obtaining counsel for parents. Second, the facts essential to its decision must be stated (CPLR 4213 [b]). Concur—Andrias, J.P., Sullivan, Williams, Sweeny and McGuire, JJ.