■ In the Matter of VALENTINO G., an Infant. VALENTINO G., Appellant; CHILDREN's AID SOCIETY, Respondent. [827 NYS2d 54]—

Order of disposition, Family Court, New York County (Gloria Sosa-Lintner, J.), entered September 13, 2005, which terminated respondent father's parental rights to the subject child upon a finding that he failed to comply with the terms of a suspended judgment imposed on December 8, 2004, and committed custody and guardianship of the child to petitioner agency and the Commissioner of Social Services of the City of New York for the purpose of adoption, unanimously affirmed, without costs.

The evidence that respondent could not care for the child, that he had a pattern of relapsing during drug treatment, that the child would have to leave his foster home eventually, and that termination of respondent's parental rights would permit petitioner to photo list the child, thereby enhancing its ability to locate a preadoptive home for him, supports the court's finding that termination of respondent's parental rights was in the child's best interests (*see e.g. Matter of Aparicio Rodrigo B.*, 29 AD3d 351 [2006]; *Matter of Rigoberto M.*, 18 AD3d 405 [2005]). That the child's chances of being adopted may not be high does not preclude a finding that termination is in his best interests (*see Matter of Wesley Antonio C.*, 287 AD2d 374 [2001]). Moreover, a suspended judgment is "a brief grace period designed to prepare the parent to be reunited with the child" (*Matter of Michael B.*, 80 NY2d 299, 311 [1992]), not the indefinite grace period respondent apparently seeks.

In view of the agreement among petitioner agency, the foster mother and the law guardian to permit respondent to visit with the child, we see no need to grant respondent's alternative request for an order of posttermination visitation (*see Matter of April S.*, 307 AD2d 204 [2003], *lv denied* 1 NY3d 504 [2003]). Concur—Sullivan, J.P., Williams, Sweeny, Catterson and Malone, JJ.