■ In the Matter of CHRISTIAN LEE R., an Infant. JEANETTE L., Appellant; EPISCOPAL SOCIAL SERVICES, Respondent. [831 NYS2d 153]—

Order of disposition, Family Court, New York County (Sara P. Schechter, J.), entered on or about November 7, 2005, which terminated respondent's parental rights, upon a fact-finding determination that she violated the conditions of a suspended judgment, and transferred custody and guardianship of the subject child to the Commissioner of Social Services and petitioner agency for the purposes of adoption, unanimously affirmed, without costs.

Family Court properly limited the evidence at the fact-finding hearing to matters that occurred up until the filing of the violation petition, since the court's only concern at that hearing was whether a preponderance of the evidence supported the allegations in that petition that respondent had failed to comply with the terms and conditions of the order suspending judgment. Evidence of matters that occurred after the filing of the fact-finding petition was not relevant to that issue. Such evidence, however, was relevant to the issue of the child's best interests, and was properly considered at the dispositional hearing.

A preponderance of the evidence shows that during the critical period of time afforded respondent by the suspended judgment, she placed herself and her needs ahead of those of the child, for two months refusing to travel to the Bronx to visit him, although she was aware that he was going to school in the Bronx and that traveling to Manhattan for visits tired him out. Respondent came up with excuse after excuse for which she provided no documentation, and caused visits to be rescheduled and then failed to attend. Although respondent views this two-month failure to visit as a minor transgression, and an attempt to assert her rights when she believed the agency was favoring

the foster mother over her, we view it as proof of a lack of commitment and inability to make any significant progress in developing a meaningful parental relationship with the child. In view of the foregoing, the evidence at the dispositional hearing that the 11-year-old child has lived with the foster mother for most of his life and bonded with her and his foster siblings, and that the foster mother wants to adopt him, clearly justifies the finding that termination of respondent's parental rights is in the child's best interests (*see Matter of Joshua Justin T.*, 208 AD2d 469 [1994]). We have considered respondent's other arguments and find them to be without merit. Concur—Tom, J.P., Sullivan, Williams, Buckley and Kavanagh, JJ.