Order, Family Court, Bronx County (Karen I. Lupuloff, J.), entered on or about May 10, 2011, which, to the extent appealed from as limited by the briefs, upon a finding that respondent mother had violated the terms of a suspended judgment, terminated her parental rights to the subject child, and committed custody and guardianship of the child to petitioner agency and the Commissioner of the Administration for Children’s Services for the purpose of adoption, unanimously reversed, on the law and the facts, without costs, the disposition as to the child vacated, and the matter remanded for an immediate hearing as to the child’s best interests.
The mother does not dispute the court’s finding that she violated the terms of the suspended judgment by not obtaining suitable housing. However, she does challenge the determination to terminate her parental rights as a result of that violation. In particular, the mother argues that it was improper to terminate her parental rights on the sole ground that she had failed to obtain suitable housing, and without hearing current evidence as to the child’s best interests.
Contrary to the mother’s contention, a court may terminate parental rights after a finding of noncompliance with a suspended judgment (Matter of Kendra C.R. [Charles R.], 68 AD3d 467, 467-468 [2009], lv dismissed in part and denied in part 14 NY3d 870 [2010]), even where, as here, the sole ground for noncompliance is the failure to secure suitable housing. Indeed, the failure to obtain suitable housing is a “material violation of the terms of the suspended judgment, and constitute [s] independent grounds for revocation” (id. at 467).
However, the matter should be remanded for a dispositional hearing with respect to the best interests of the child. The Family Court limited all evidence at the violation hearing to facts occurring up until the filing of the violation petition. Although this was proper with respect to the fact-finding portion of the hearing, evidence of matters that occurred after the filing of the petition is “relevant to the issue of the child’s best interests, and [should have been] considered at the dispositional [phase of the] hearing” (Matter of Christian Lee R., 38 AD3d 235, 235 *546 [2007], lv denied 8 NY3d 813 [2007]), especially where, as here, there is evidence that the mother complied with all other agency requirements. She visited regularly with the child every weekend, remained sober and maintained steady employment since her release from prison and obtained suitable housing by the time of the hearing. Concur — Andrias, J.P., Friedman, Sweeny, Manzanet-Daniels and Román, JJ.