Matter of Davian M.J.G. (Candy J.) (2018 NY Slip Op 07268)





Matter of Davian M.J.G. (Candy J.)


2018 NY Slip Op 07268


Decided on October 30, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2018

Sweeny, J.P., Mazzarelli, Kahn, Oing, Singh, JJ.


7488 7487

[*1]Davian M.J.G. also known as Davian G., and Another, Dependent Children Under Eighteen Years of Age, etc.,
and
Candy J., Respondent-Appellant, The Children's Aid Society, Petitioner-Respondent.


Geoffrey P. Berman, Larchmont, for appellant.
Rosin Steinhagen Mendel, New York (Douglas H. Reiniger of counsel) for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Judith Stern of counsel), attorney for the children.



Orders of disposition, Family Court, Bronx County (Robert D. Hettleman, J.), entered on or about September 12, 2017, which, insofar as appealed from, after a hearing, revoked a suspended judgment, terminated respondent's parental rights and committed guardianship and custody of the children to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.
A preponderance of the evidence supports the Family Court's conclusion that the termination of respondent's parental rights is in the children's best interests. The children have been in foster care for most of their lives and their foster parents have provided them with a stable and nurturing home, and wish to adopt them (see Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]; Matter of Aparicio Rodrigo B., 29 AD3d 351, 352 [1st Dept 2006]). On the other hand respondent's exercise of poor judgment in, among other things, continuing to place the children in dangerous situations involving domestic violence demonstrates that she could not provide a stable home for the children. Despite receiving a one-year suspended judgment, which was extended, respondent did not make sufficient progress to permit the safe return of the children to her care. Accordingly, terminating parental rights to permit a permanent alternative is in the children's best interests (Social Services Law § 384-b[1] [a][iv]).
We have considered respondent's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 30, 2018
CLERK