Matter of M.A.F. (M.F.) (2025 NY Slip Op 05772)

Matter of M.A.F. (M.F.)

2025 NY Slip Op 05772

Decided on October 21, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 21, 2025

Before: Webber, J.P., Friedman, Kapnick, Shulman, Hagler, JJ. 

Docket No. B-4618/21|Appeal No. 4988|Case No. 2024-04189|

[*1]In the Matter of M.A.F., A Dependent Child Under the Age of Eighteen Years, etc., M.F., Respondent-Appellant, Administration for Children's Services et al., Petitioners-Respondents.

Richard Cardinale, Brooklyn, for appellant.
Rosin Steinhagen Mendel, PLLC, New York (Douglas H. Reiniger of counsel), for The Children's Village, respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Andrew T. Ford of counsel), attorney for the child.

Order, Family Court, New York County (Grace Oboma-Layat, J.), entered on or about June 10, 2024, which, to the extent appealed from as limited by the briefs, after a hearing, terminated respondent father's parental rights upon a fact-finding determination that he violated the conditions of a suspended judgment, and committed custody and guardianship of the child to petitioner agency and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption, unanimously affirmed, without costs.
A preponderance of the evidence supports Family Court's finding that the father violated the conditions of the suspended judgment (see Matter of Tayquan B., 55 AD3d 355, 355 [1st Dept 2008], lv denied 11 NY3d 714 [2008]; see also Matter of Robert T., 270 AD2d 961, 961 [4th Dept 2000], lv denied 95 NY2d 758 [2000]). Notwithstanding the father's efforts to comply with some of the terms of the suspended judgment, the credible evidence adduced at the hearing established that he failed to appear for any of the nine drug screenings the agency referred him to after the suspended judgment was entered, and that he missed multiple scheduled visits with the child (see Matter of Tayquan B., 55 AD3d at 355). When asked at the hearing why he missed approximately six visits with the child during that time period, the father responded that the missed visits were "probably because of [his] work schedule" or because the foster parent canceled the visits. These explanations are insufficient given that the father failed to testify as to what steps he took to rectify the situations so that he could attend the visits. Contrary to the father's contention otherwise, it was not necessary for him to violate all of the terms of a suspended judgment for a violation to be found (see Matter of Julien Javier F. [Christina F.], 110 AD3d 562, 563 [1st Dept 2013]).
The father's violation of the suspended judgment shows that he cannot provide a stable home for the child, who has been in foster care since the child was two days old (see Matter of Aparicio Rodrigo B., 29 AD3d 351, 352 [1st Dept 2006]). The record shows that the child has lived with the foster mother for most of the child's life, is bonded with the foster mother and the foster family, and that the foster mother wishes to adopt the child. These facts, taken together, justify the finding that termination of the father's parental rights is in the child's best interests (see Matter of Christian Lee R., 38 AD3d 235, 236 [1st Dept 2007], lv denied 8 NY3d 813 [2007]).
The circumstances presented do not warrant an extension of the suspended judgment for an additional year. The father failed to demonstrate the "exceptional circumstances" necessary to extend a suspended judgment (Family Court Act § 633[b]), and the record establishes that further efforts to reunite the father and the child would not be in the child's best interests (see Matter of Anthony Wayne S., 106 AD3d 463, 464 [1st Dept 2013]; Matter of Lourdes O., 52 AD3d 203, 204 [1st Dept 2008]).
We reject the father's contention that the record is insufficient to allow for meaningful appellate review. The transcripts of the underlying proceedings were neither lost nor "woefully inadequate"; on the contrary, the transcripts are complete and available (Matter of Department of Social Servs. v Waleska M., 195 AD2d 507, 508 [2d Dept 1993], lv denied 82 NY2d 660 [1993]). THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 21, 2025