# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**477**

**CAF 13-00249**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF XAVIER O.V.
-------------------------------------------
MONROE COUNTY DEPARTMENT OF HUMAN SERVICES,        MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

SABINO V., RESPONDENT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR RESPONDENT-APPELLANT.

MERIDETH H. SMITH, COUNTY ATTORNEY, ROCHESTER (ROBIN UNWIN OF COUNSEL), FOR PETITIONER-RESPONDENT.

TANYA J. CONLEY, ATTORNEY FOR THE CHILD, ROCHESTER.

---

Appeal from an order of the Family Court, Monroe County (Dandrea L. Ruhlmann, J.), entered January 10, 2013 in a proceeding pursuant to Family Court Act article 10.  The order terminated the parental rights of respondent.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Respondent father agreed to an adjournment in contemplation of dismissal with respect to the allegations in a neglect petition.  Later, he consented to a finding that he had permanently neglected the subject child and to the entry of a suspended judgment based on that finding.  He now appeals from an order that, inter alia, revoked the suspended judgment, terminated his parental rights with respect to the child, and freed the child for adoption.

We have frequently concluded that Family Court's "prior order finding permanent neglect and suspending judgment was entered on consent of [the father] and thus is beyond appellate review" (*Matter of Bryan W.*, 299 AD2d 929, 930, *lv denied* 99 NY2d 506; *see Matter of Ronald O.*, 43 AD3d 1351, 1351-1352; *Matter of Amanda T. [John T.]*, 4 AD3d 846, 846; *Matter of Cherilyn P.*, 192 AD2d 1084, 1084, *lv denied* 82 NY2d 652).  Here, however, the father contends that his consent to the entry of the finding of permanent neglect was not given knowingly, voluntarily and intelligently.  The father "has raised that contention for the first time on appeal . . . , and thus has failed to preserve it for our review" (*Matter of Atreyu G. [Jana M.]*, 91 AD3d 1342, 1342, *lv denied* 19 NY3d 801; *see Matter of Derrick T.M.*, 286 AD2d 938, 938-

939; *see also Matter of Megan L.G.H. [Theresa G.H.]*, 102 AD3d 869, 869) and, in any event, that contention is without merit. Although the record reflects that the father initially hesitated and indicated that he did not wish to admit any wrongdoing, he relented and agreed to permit the court to make a finding of permanent neglect and to enter a suspended judgment based on that finding. Contrary to the father's contention, "the proof does not show that 'the consent was [given] under compulsion or threat, or against [the father]'s free will, or based upon fraudulent statements' " (*Matter of Jarrett*, 224 AD2d 1029, 1030, *lv dismissed* 88 NY2d 960; *see generally Matter of Seasia D.*, 10 NY3d 879, 880, *rearg denied* 11 NY3d 752, *cert denied sub nom. Kareem W. [Anonymous]*, 555 US 1046). Indeed, the record establishes that the father was represented by counsel at the time of his admission, and the father stated that he understood all the proceedings because they were translated into Spanish, his native language. Thus, we conclude that he knowingly, voluntarily and intelligently agreed to the entry of a finding of permanent neglect (*see generally Matter of Aparicio Rodrigo B.*, 29 AD3d 351, 351).

Entered: May 9, 2014                                     Frances E. Cafarell
                                                         Clerk of the Court