Appeal from an order of the Family Court, Onondaga County (Michele Pirro Bailey, J.), entered July 1, 2016 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, vacated a previously issued suspended judgment and terminated respondent Niani J.’s parental rights to the subject child.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
 

 Memorandum: In this termination of parental rights proceeding pursuant to Social Services Law § 384-b, respondent mother appeals from an order that, inter alia, vacated a previously issued suspended judgment, terminated her parental rights, and directed that the subject child be freed for adoption. Initially, we note that the mother’s contention that “petitioner did not make significant efforts to reunite [her] with the child [ ] is not properly before us inasmuch as it was conclusively determined in the prior proceedings to terminate [the mother’s] parental rights . . . We note in any event that the [mother] admitted to the permanent neglect of the child [ ] and consented to the entry of the suspended judgment, and thus no appeal would lie therefrom because [the mother was] not aggrieved, based on [her] consent” (Matter of Cornelius L.N. [Cornelius N.], 117 AD3d 1487, 1488 [4th Dept 2014], lv denied 24 NY3d 901 [2014] [internal quotation marks omitted]). To the extent that the mother contends that her consent to the finding of permanent neglect and the entry of the suspended judgment was not given knowingly, voluntarily, and intelligently, we note that she “did not move to vacate [her] admission to having permanently neglected the subject child[ ],” and thus her contention, which is raised for the first time on appeal, is not properly before us (Matter of Nyasia E.R. [Michael R.], 121 AD3d 792, 793 [2d Dept 2014]).
 

 We reject the mother’s further contention that Family Court abused its discretion in revoking the suspended judgment and terminating her parental rights. It is well established that, “[i]f the court determines by a preponderance of the evidence that there has been noncompliance with any of the terms of the suspended judgment, the court may revoke the suspended judgment and terminate parental rights” (Matter of Ronald O., 43 AD3d 1351, 1352 [4th Dept 2007]). Here, the court’s determination that the mother failed to comply with the terms of the suspended judgment, and that it is in the child’s best interests to terminate the mother’s parental rights, is supported by the requisite preponderance of the evidence (see Matter of Ramel H. [Tenese T.], 134 AD3d 1590, 1592 [4th Dept 2015]; Matter of Savanna G. [Danyelle M.], 118 AD3d 1482, 1483 [4th Dept 2014]). Although there is some evidence in the record that “the mother attempted to comply with The literal terms and conditions of the suspended judgment,’ [termination of the suspended judgment will be upheld where, as here,] the record establishes that she was unable to overcome the specific problems that led to the removal of the child from her” care (Matter of Erie County Dept. of Social Servs. v Anthony P., 45 AD3d 1384, 1385 [4th Dept 2007]; see Matter of Maykayla FF. [Eugene FF.], 141 AD3d 898, 899 [3d Dept 2016]).
 

 Present—Smith, J.P., Peradot-to, DeJoseph, NeMoyer and Curran, JJ.