Appeal from an order of the Family Court, Erie County (Eric R. Adams, A.J.), entered June 27, 2016 in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated the parental rights of respondent with respect to the subject child.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
 

 Memorandum: Respondent mother appeals from an order that revoked a suspended judgment entered upon her admission of permanent neglect and terminated her parental rights with respect to the subject child. We affirm. Preliminarily, we note that the prior order of Family Court finding permanent neglect and suspending judgment was entered on the consent of the parties, and thus it is beyond appellate review (see Matter of Martha S. [Linda M.S.], 126 AD3d 1496, 1497 [4th Dept 2015], lv dismissed in part and denied in part 26 NY3d 941 [2015]; Matter of Xavier O.V. [Sabino V.], 117 AD3d 1567, 1567 [4th Dept 2014], lv denied 24 NY3d 903 [2014]). Here, the mother never moved to vacate the finding of neglect or to withdraw her consent to the order, and thus her contention that her consent was not knowing, intelligent, and voluntary is not properly before us (see Martha S., 126 AD3d at 1497; Xavier O.V., 117 AD3d at 1567). In any event, that contention lacks merit.
 

 Contrary to the mother’s further contention, the court properly suspended judgment and terminated her parental rights. It is well established that, “if Family Court determines by a preponderance of the evidence that there has been noncompliance with any of the terms of [a] suspended judgment, the court may revoke the suspended judgment and terminate parental rights” (Matter of Ireisha P. [Shonita M.], 154 AD3d 1340, 1340 [4th Dept 2017] [internal quotation marks omitted]; see Matter of Ramel H. [Tenese T.], 134 AD3d 1590, 1592 [4th Dept 2015]). Here, the testimony of the case planner assigned to the mother established that the mother was repeatedly discharged from substance abuse treatment and repeatedly failed drug tests (see Matter of Carmen C. [Margarita N.], 95 AD3d 1006, 1008 [2d Dept 2012]). Thus, the court properly determined that the mother “was unable to overcome the specific problems that led to the removal of the child from her home” (Ramel H., 134 AD3d at 1592 [internal quotation marks omitted]; see Matter of Jason H. [Lisa K.], 118 AD3d 1066, 1068 [3d Dept 2014]), and that it is in the child’s best interests to terminate the mother’s parental rights (see Ireisha R., 154 AD3d at 1340; Ramel H., 134 AD3d at 1592).
 

 To the extent that the mother contends that petitioner improperly sought to revoke the six-month suspended judgment after four months, we reject that contention. Where, as here, “there is proof that a parent has repeatedly violated significant terms of a suspended judgment, petitioner is not obligated to wait until the end of the period of suspended judgment to seek to revoke the suspended judgment” (Matter of Alexandria A. [Ann B.], 93 AD3d 1105, 1106-1107 [3d Dept 2012], lv denied 19 NY3d 805 [2012]).
 

 Present—Centra, J.P., Peradotto, Lindley, Curran and Troutman, JJ.