Matter of Zander L. (Athena L.) (2018 NY Slip Op 04499)





Matter of Zander L. (Athena L.)


2018 NY Slip Op 04499


Decided on June 15, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


821 CAF 17-01172

[*1]IN THE MATTER OF ZANDER L. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; ATHENA L., RESPONDENT-APPELLANT. 






DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.
KATHERINE E. MEIER-DAVIS, BUFFALO, FOR PETITIONER-RESPONDENT. 
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL), ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered June 19, 2017 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, revoked a suspended judgment and terminated respondent's parental rights with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In a proceeding pursuant to Social Services Law § 384-b, respondent mother appeals from an order that revoked a suspended judgment and terminated her parental rights with respect to the subject child. We affirm.
It is well established that, if Family Court " determines by a preponderance of the evidence that there has been noncompliance with any of the terms of the suspended judgment, the court may revoke the suspended judgment and terminate parental rights' " (Matter of Kh'Niayah D. [Niani J.], 155 AD3d 1649, 1650 [4th Dept 2017], lv denied 31 NY3d 901 [2018]; see Matter of Ireisha P. [Shonita M.], 154 AD3d 1340, 1340-1341 [4th Dept 2017], lv denied 30 NY3d 910 [2018]). Contrary to the mother's contention, petitioner established by a preponderance of the evidence that she failed to comply with the terms of the suspended judgment. Indeed, the record establishes that the mother violated numerous terms of the suspended judgment, including requirements that she demonstrate safe and developmentally appropriate parenting practices, maintain adequate housing, and not have anyone else present during visits with the child. During her hearing testimony, the mother acknowledged that she had been evicted from her apartment because her friends were causing problems, including causing damage to the apartment. In one incident the mother's friend, who was addicted to drugs, suffered a seizure and got blood "everywhere," resulting in the involvement of the police. Although the mother has obtained a new apartment, her new roommate, who was occasionally present during the mother's visits with the child, has a history of drug abuse and involvement with Child Protective Services. Furthermore, the terms of the mother's housing arrangement do not allow her to have children living in her new apartment, and she has made no additional efforts to obtain child-friendly housing.
Contrary to the mother's further contention, upon determining that the mother did not comply with the terms of the suspended judgment, the court properly revoked it and determined that it was in the child's best interests to terminate the mother's parental rights (see Kh'Niayah D., 155 AD3d at 1650). We note that the "failure to obtain appropriate housing as required [by a [*2]suspended judgment] can, alone, constitute grounds for the revocation of a suspended judgment" (Matter of Frederick MM., 23 AD3d 951, 953 [3d Dept 2005]; see Matter of Gianna W. [Jessica S.], 96 AD3d 545, 545 [1st Dept 2012]).
Entered: June 15, 2018
Mark W. Bennett
Clerk of the Court