Matter of Aiden T. (Melissa S.) (2018 NY Slip Op 06410)





Matter of Aiden T. (Melissa S.)


2018 NY Slip Op 06410


Decided on September 28, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


1037 CAF 17-00510

[*1]IN THE MATTER OF AIDEN T. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; MELISSA S. AND KEVIN T., RESPONDENTS-APPELLANTS. (APPEAL NO. 1.)






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (DANIELLE K. BLACKABY OF COUNSEL), FOR RESPONDENTS-APPELLANTS. 
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (MAGGIE SEIKALY OF COUNSEL), FOR PETITIONER-RESPONDENT.
STUART J. LAROSE, SYRACUSE, ATTORNEY FOR THE CHILD.
JOHN S. CRISAFULLI, SYRACUSE, FOR INTERVENOR-RESPONDENT.


 Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered February 23, 2017 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondents' parental rights with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In a proceeding pursuant to Social Services Law
§ 384-b, respondent mother and respondent father appeal from an order that, inter alia, revoked a suspended judgment and terminated their parental rights with respect to the subject child. We affirm.
"A suspended judgment is a brief grace period designed to prepare the parent to be reunited with the child' " (Matter of Danaryee B. [Erica T.], 151 AD3d 1765, 1766 [4th Dept 2017], quoting Matter of Michael B., 80 NY2d 299, 311 [1992]). If Family Court " determines by a preponderance of the evidence that there has been noncompliance with any of the terms of the suspended judgment, the court may revoke the suspended judgment and terminate parental rights' " (Matter of Joseph M., Jr. [Joseph M., Sr.], 150 AD3d 1647, 1648 [4th Dept 2017], lv denied 29 NY3d 917 [2017]; see Matter of Emily A. [Gina A.], 129 AD3d 1473, 1474 [4th Dept 2015]).
The suspended judgment was entered on consent of the parties after the mother admitted that she had not addressed her substance abuse issues and the father admitted that he had not demonstrated an understanding of how the mother's substance abuse issues impact her ability to parent safely and appropriately. The terms of the suspended judgment, inter alia, required the mother to refrain from using illegal drugs or engaging in criminal activity and required both respondents to demonstrate that the circumstances that resulted in the child's placement have been ameliorated such that the child may be safely returned to their care. At the hearing on the petition to revoke the suspended judgment and terminate respondents' parental rights, however, the mother admitted that she relapsed and used cocaine during the period of the suspended judgment. That relapse in part caused her to violate her parole, which resulted in a 12-month period of incarceration. Additionally, consistent with his prior inability to understand the impact [*2]of the mother's substance abuse problems on her ability to parent safely and appropriately, the father testified: "She's a very good mother. Although she has her addiction problem, she keeps that so out of being a parent you wouldn't even know . . . I didn't even know she had a problem for over a year after I first started dating her." There was also testimony that the child had lived with the foster mother since he was placed in her home as a newborn, that he had bonded with her and desired to continue living with her, and that she was a "powerful and significant positive parenting force" for him. Thus, contrary to respondents' contention, we conclude that there is a sound and substantial basis in the record to support the court's determination that respondents violated numerous terms of the suspended judgment and that it is in the child's best interests to terminate their parental rights (see Matter of Michael S. [Timothy S.], 159 AD3d 1378, 1379 [4th Dept 2018]; Matter of Kh'niayah D. [Niani J.], 155 AD3d 1649, 1650 [4th Dept 2017], lv denied 31 NY3d 901 [2018]).
We reject respondents' further contention that the father was denied effective assistance of counsel. Respondents failed to "demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings" (Matter of Brown v Gandy, 125 AD3d 1389, 1390 [4th Dept 2015] [internal quotation marks omitted]).
Finally, the court's " prior order finding permanent neglect and suspending judgment was entered on consent of [respondents] and thus is beyond appellate review' " (Matter of Xavier O.V. [Sabino V.], 117 AD3d 1567, 1567 [4th Dept 2014], lv denied 24 NY3d 903 [2014]).
Entered: September 28, 2018
Mark W. Bennett
Clerk of the Court