Matter of Dominic T.M. (Cassie M.) (2019 NY Slip Op 01000)





Matter of Dominic T.M. (Cassie M.)


2019 NY Slip Op 01000


Decided on February 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND WINSLOW, JJ.


53 CAF 18-00178

[*1]IN THE MATTER OF DOMINIC T.M. NIAGARA COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; CASSIE M., RESPONDENT-APPELLANT. (APPEAL NO. 1.)






KATHLEEN KUGLER, CONFLICT DEFENDER, LOCKPORT (JESSICA J. BURGASSER OF COUNSEL), FOR RESPONDENT-APPELLANT.
MATTHEW E. BROOKS, LOCKPORT, FOR PETITIONER-RESPONDENT.
DEBORAH J. SCINTA, ORCHARD PARK, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Niagara County (Kathleen Wojtaszek-Gariano, J.), entered January 9, 2018 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In these four appeals, respondent mother appeals from respective orders that, inter alia, revoked a suspended judgment and terminated her parental rights with respect to the four subject children. We affirm in each appeal.
Initially, we note that the mother's contention that "petitioner did not make significant efforts to reunite [her] with the child[ren] is not properly before us inasmuch as it was conclusively determined in the prior proceedings to terminate [the mother's] parental rights . . . We note in any event that the [mother] admitted to the permanent neglect of the child[ren] and consented to the entry of the suspended judgment, and thus no appeal would lie therefrom because [the mother was] not aggrieved, based on [her] consent" (Matter of Kh'Niayah D. [Niani J.], 155 AD3d 1649, 1650 [4th Dept 2017], lv denied 31 NY3d 901 [2018] [internal quotation marks omitted]).
Contrary to the mother's further contention, there is a sound and substantial basis in the record for Family Court's determination that petitioner established by a preponderance of the evidence at the revocation hearing that she violated several terms of the suspended judgment (see Matter of Jenna D. [Paula D.], 165 AD3d 1617, 1618 [4th Dept 2018], lv denied 32 NY3d 912 [2019]; Matter of Amanda M. [George M.], 140 AD3d 1677, 1678 [4th Dept 2016]). Those violations included the mother's failure during the period of the suspended judgment to maintain a verifiable means of financial support and to abide by the rules for visitation. Consequently, inasmuch as the mother has been unable "to overcome the specific problems that led to the removal of the child[ren] from her home," we conclude that the court properly determined that it is in the children's best interests to revoke the suspended judgment and terminate her parental rights (Matter of Ramel H. [Tenese T.], 134 AD3d 1590, 1592 [4th Dept 2015]).
Equally without merit is the mother's contention that the court failed to conduct a proper dispositional hearing to determine the best interests of the children. "It is well established that a hearing on a petition alleging that the terms of a suspended judgment have been violated is part of the dispositional phase of the permanent neglect proceeding, and that the disposition shall be based on the best interests of the child[ren]" (Matter of Alisa E. [Wendy F.], 114 AD3d 1175, [*2]1176 [4th Dept 2014], lv denied 23 NY3d 901 [2014]; see Jenna D., 165 AD3d at 1619). It is also well established that a parent's noncompliance with the terms of the suspended judgment constitutes strong evidence that termination of parental rights is in a child's best interests (see Jenna D., 165 AD3d at 1619). Here, we conclude that the court properly conducted a hearing that addressed both the alleged violations of the suspended judgment and the children's best interests, and there was no need for an additional hearing (see id.; Matter of Jeremiah J.W. [Tionna W.], 134 AD3d 848, 849 [2d Dept 2015], lv dismissed 27 NY3d 1061 [2016]).
We have examined the mother's remaining contentions and conclude that none warrants reversal or modification of the orders.
Entered: February 8, 2019
Mark W. Bennett
Clerk of the Court