Matter of Abigail H. (Daniel D.) (2019 NY Slip Op 03513)





Matter of Abigail H. (Daniel D.)


2019 NY Slip Op 03513


Decided on May 3, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


529 CAF 17-02141

[*1]IN THE MATTER OF ABIGAIL H. AND BREANNA D. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; DANIEL D., RESPONDENT-APPELLANT.






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (REBECCA L. KONST OF COUNSEL), FOR RESPONDENT-APPELLANT.
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (MAGGIE SEIKALY OF COUNSEL), FOR PETITIONER-RESPONDENT.
COURTNEY S. RADICK, OSWEGO, ATTORNEY FOR THE CHILDREN.


 Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered November 9, 2017 in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent with respect to the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law
§ 384-b, respondent father appeals from an order that, following his admission of permanent neglect, adjudged the subject children permanently neglected and, after a dispositional hearing, terminated his parental rights. We affirm. Preliminarily, we note that the portion of the order finding permanent neglect was entered on the admission and consent of the father, and the father never moved to vacate that finding or to withdraw his admission or consent. Thus, the father's contention that his admission was not knowing or voluntary, which is raised for the first time on appeal, is not properly before us (see Matter of Kh'Niayah D. [Niani J.], 155 AD3d 1649, 1650 [4th Dept 2017], lv denied 31 NY3d 901 [2018]; Matter of Xavier O.V. [Sabino V.], 117 AD3d 1567, 1567 [4th Dept 2014], lv denied 24 NY3d 903 [2014]; see also Matter of Dah'Marii G. [Cassandra G.], 156 AD3d 1479, 1480 [4th Dept 2017]; Matter of Martha S. [Linda M.S.], 126 AD3d 1496, 1497 [4th Dept 2015], lv dismissed in part and denied in part 26 NY3d 941 [2015]).
Furthermore, the father's contention concerning the audio recordings of the proceedings is not properly before us inasmuch as it is raised for the first time on appeal (see generally Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]). In any event, that contention lacks merit inasmuch as the few gaps in the transcripts attributable to inaudible portions of the recordings are not significant and do not preclude meaningful appellate review (see Matter of Haly S.W., 141 AD3d 1106, 1107 [4th Dept 2016]; Matter of Devre S. [Carlee C.], 74 AD3d 1848, 1849 [4th Dept 2010]; Matter of Savage v Cota, 66 AD3d 1491, 1492 [4th Dept 2009]).
Entered: May 3, 2019
Mark W. Bennett
Clerk of the Court