Matter of Charlie C. (Thomas C.) (2019 NY Slip Op 09200)





Matter of Charlie C. (Thomas C.)


2019 NY Slip Op 09200


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.


1234.1 CAF 18-00908

[*1]IN THE MATTER OF CHARLIE C. STEUBEN COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; THOMAS C., RESPONDENT-APPELLANT. (APPEAL NO. 1.) 






ROSEMARIE RICHARDS, GILBERTSVILLE, FOR RESPONDENT-APPELLANT.
DONALD S. THOMSON, BATH, FOR PETITIONER-RESPONDENT.
PAUL B. WATKINS, FAIRPORT, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Steuben County (Peter C. Bradstreet, J.), entered April 23, 2018 in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent with respect to the subject child. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: In these two related termination of parental rights proceedings pursuant to Social Services Law § 384-b, respondent father appeals from four separate orders entered April 23, 2018. In the orders in appeal Nos. 1 and 3, Family Court terminated the father's parental rights with respect to the two subject children. In the orders in appeal Nos. 2 and 4, the court freed the two children for adoption.
Initially, we note that the father's contention with respect to the court's May 26, 2017 order granting summary judgment in an abuse and neglect proceeding is not properly before us on any of these four appeals, inasmuch as the May 26, 2017 order was issued in a prior, separate proceeding (see Matter of Kh'Niayah D. [Niani J.], 155 AD3d 1649, 1649-1650 [4th Dept 2017], lv denied 31 NY3d 901 [2018]; Matter of Cornelius L.N. [Cornelius N.], 117 AD3d 1487, 1488 [4th Dept 2014], lv denied 24 NY3d 901 [2014]; Matter of Ronald O., 43 AD3d 1351, 1351 [4th Dept 2007]). Similarly, we conclude that the father's contention with respect to alleged temporary orders of protection are not properly before us inasmuch as they too were issued in a prior proceeding (see generally Kh'Niayah D., 155 AD3d at 1649-1650).
With respect to the four orders at issue in these appeals, we conclude that all four appeals must be dismissed. "It is incumbent upon an appellant to assemble a proper record, including the relevant documents that were before the lower court, and appeals will be dismissed when the record is incomplete" (Matter of Pratt v Anthony, 30 AD3d 708, 708 [3d Dept 2006]; see Mergl v Mergl, 19 AD3d 1146, 1147 [4th Dept 2005]). Inasmuch as the father failed to include in the record on appeal the transcripts of the combined fact-finding and dispositional hearing, appeal Nos. 1 through 4 must be dismissed based on his failure to provide an adequate record (see Mergl, 19 AD3d at 1147; see also Matter of Lopez v Lugo, 115 AD3d 1237, 1237 [4th Dept 2014]).
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court