■ In the Matter of MONICA BETZY D. and Others, Children Alleged to be Neglected. JOSE C., Appellant; ST. JOSEPH SERVICE FOR CHILDREN AND FAMILIES, Respondent. [737 NYS2d 615] —Orders of disposition, Family Court, Bronx County (Marjory Fields, J.), entered on or about December 17, 1996, which, to the extent appealed from, upon a fact-finding determination of permanent neglect, terminated respondent father's parental rights with respect to the subject children and committed custody and guardianship of the children to petitioner agency and the Commissioner of Social Services of the City of New York for the purpose of adoption, unanimously affirmed, without costs.

Permanent neglect within the meaning of Social Services Law § 384-b (7) (a) was established against respondent father by clear and convincing evidence that, despite the diligent ef-

forts of petitioner agency to encourage the parental relationship between him and the subject children, respondent failed within the statutorily relevant time frame to develop any viable plan for the children's future (*see, Matter of LeBron*, 140 AD2d 276). While respondent proposed that the children be returned to him and the children's mother, whereupon the children's mother would then resume her responsibilities as the children's prime caregiver, this plan, the only one offered by respondent, was contingent upon the mother's successful completion of a program to treat the substance abuse problems that had led to the children's removal. However, between 1990, when the children were placed in foster care, and 1995, when the present petitions were filed, the mother, although referred by petitioner agency for treatment, failed to complete a substance abuse program. Given the mother's persistent and lengthy failure to address her drug addiction, it was incumbent upon respondent father, if he was to be a resource for the children, to develop a plan for them that was not dependent upon the mother's participation as a caregiver. His failure to take this step warranted the finding of permanent neglect (*see, Matter of Jaquone Emiel B.*, 288 AD2d 57).

A preponderance of the evidence supported Family Court's determination that it would be in the children's best interests to be freed for adoption (*see, Matter of Star Leslie W.*, 63 NY2d 136, 147-148). The children have been in foster care for a very lengthy period and, given the absence of any feasible plan to return them to either of their biological parents, adoption represents their only prospect for a permanent, stable, and nurturing familial disposition. Concur—Nardelli, J.P., Tom, Mazzarelli, Lerner and Buckley, JJ.