■ In the Matter of ATTIA A., Also Known as ATTIA-MONA S., an Infant. GERALD S., Appellant; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK et al., Respondents. [855 NYS2d 66]—

Order of disposition, Family Court, New York County (Jody Adams, J.), entered on or about April 27, 2007, which, upon, inter alia, a fact-finding determination that respondent father's consent was not required for the adoption of the subject child, at which hearing respondent did not personally appear, transferred custody and care of the child to petitioners for purposes of adoption, unanimously affirmed with respect to the disposition, and the appeal unanimously dismissed with respect to the fact-finding determination, without costs.

There can be no review of a fact-finding determination made upon a default at the hearing (*Matter of "Male" M.*, 18 AD3d 215 [2005]). Were we to review the determination, we would find that it is supported by clear and convincing evidence that

respondent failed to provide financial support and to maintain regular communication with the child (Domestic Relations Law § 111 [1] [d]; *Matter of Robert R.*, 30 AD3d 309 [2006], *lv denied* 7 NY3d 718 [2006]).

The court's determination that it would be in the child's best interests to free her for adoption is supported by a preponderance of the evidence (*see Matter of Monica Betzy D.*, 291 AD2d 289, 290 [2002]). Respondent has been homeless for more than half the child's life and has failed to address his alcohol and drug abuse problems. He has not provided a realistic and feasible plan that would provide the child with a stable home within a reasonable time (*see Matter of Star Leslie W.*, 63 NY2d 136, 143 [1984]). Concur—Gonzalez, J.P., Williams, Catterson and Moskowitz, JJ.