In the Matter of REYNALDO M., Appellant, v VIOLET F., Respondent. [931 NYS2d 213]—

The record reflects that the father's attorney consented to the order, and "no appeal lies from an order entered on the consent of the appealing party" (*Matter of Lah De W. [Takisha W.]*, 78 AD3d 523, 523 [2010]). The attorney was familiar with the matter, had represented the father on numerous prior occasions in the case, and had obtained an adjournment to ascertain the father's position on a proposed resolution of the application for visitation (*see* CPLR 2104; *Hallock v State of New York*, 64 NY2d 224, 230 [1984]).

Were we to consider the father's appeal, we would find that a fact-finding hearing on the petition was not required because the court had sufficient information to make an informed determination regarding the best interests of the child (*see Skidelsky v Skidelsky*, 279 AD2d 356 [2001]). The recommendation of the expert and the child's expressed desire not to visit with the father due to her fear of him were sufficient to warrant denial of the request for visitation. Concur—Mazzarelli, J.P., Moskowitz, Acosta, Renwick and DeGrasse, JJ.