■ In the Matter of DAVONTAY PETER H., an Infant. MAKEBA H., Appellant; ST. DOMINIC'S HOME, Respondent, et al., Respondent. [4 NYS3d 500]—

Order of disposition, Family Court, New York County (Clark V. Richardson, J.), entered on or about September 23, 2013, which, to the extent appealed from as limited by the briefs, upon a finding that respondent mother had substantially failed to comply with the terms of a suspended judgment, terminated the mother's parental rights to the subject child, and committed the child's custody and guardianship to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs. Appeal from order, same court and Judge, entered on or about May 28, 2013, which, after a hearing, found that termination of the mother's parental rights was in the child's best interests, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.

A preponderance of the evidence supports the finding that the mother had violated the terms of the suspended judgment (*see Matter of Aliyah Careema D. [Sophia Seku D.],* 88 AD3d 529, 529 [1st Dept 2011]). Although respondent made efforts to comply with some of the terms of the suspended judgment, she failed to obtain suitable housing or maintain a steady income, refused to take a drug test on one occasion, and tested positive for alcohol on three occasions (*see id.*).

A preponderance of the evidence also supports the court's determination that termination of the mother's parental rights is in the child's best interests, given, among other things, the mother's failure to address her alcohol addiction and the length of time the child has been in foster care (*see Matter of Tyshawn*

*Jaraind C.*, 36 AD3d 564 [1st Dept 2007]). Since the court had already granted an extension of the suspended judgment, it lacked authority to grant another extension (*see* Family Ct Act § 633 [f]). Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Feinman and Gische, JJ.