Matter of Ashante H. (Meko H.) (2019 NY Slip Op 00797)





Matter of Ashante H. (Meko H.)


2019 NY Slip Op 00797


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1434 CAF 18-00082

[*1]IN THE MATTER OF ASHANTE H. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; MEKO H., SR., RESPONDENT-APPELLANT. (APPEAL NO. 1.) 






DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.
AMBER R. POULOS, BUFFALO, FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered December 26, 2017 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In these consolidated appeals, respondent father appeals from three orders by which Family Court, inter alia, revoked a suspended judgment entered upon the father's admission that he had permanently neglected the three subject children and terminated his parental rights. It is well established that, "[i]f the court determines by a preponderance of the evidence that there has been noncompliance with any of the terms of the suspended judgment, the court may revoke the suspended judgment and terminate parental rights" (Matter of Ronald O., 43 AD3d 1351, 1352 [4th Dept 2007]). Contrary to the father's contention, we conclude that there is a sound and substantial basis in the record to support the court's determination that he failed to comply with the terms of the suspended judgment and that it is in the children's best interests to terminate his parental rights (see Matter of Joseph M., Jr. [Joseph M., Sr.], 150 AD3d 1647, 1648 [4th Dept 2017], lv denied 29 NY3d 917 [2017]; Matter of Amanda M. [George M.], 140 AD3d 1677, 1678 [4th Dept 2016]; Matter of Davontay Peter H. [Makeba H.], 127 AD3d 405, 405 [1st Dept 2015], lv denied 25 NY3d 911 [2015]). Contrary to the father's further contention, petitioner was not obligated to wait until the suspended judgment expired before filing its motion seeking revocation thereof (see Matter of Jenna D. [Paula D.], 165 AD3d 1617, 1618 [4th Dept 2018]; Matter of Dah'Marii G. [Cassandra G.], 156 AD3d 1479, 1480 [4th
Dept 2017]).
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court