Matter of Veronica D. v Loreni S. (2020 NY Slip Op 00524)





Matter of Veronica D. v Loreni S.


2020 NY Slip Op 00524


Decided on January 28, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2020

Kapnick, J.P., Oing, Singh, Moulton, JJ.


10874 V-07722-15/18Q

[*1] In re Veronica D., Petitioner-Appellant,
v
Loreni S., Respondent-Respondent.


Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Kenneth M. Tuccillo, Hastings on Hudson, for respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Louise Feld of counsel), attorney for the child.



Order, Family Court, Bronx County (Sue Levy, Referee), entered on or about March 18, 2019, which dismissed, without prejudice, the petition of the grandmother Veronica D. for the enforcement of an order of visitation, unanimously affirmed, without costs.
An evidentiary hearing on a petition is not required where the court has sufficient information to "make an informed [] determination regarding the best interests of the child" (Matter of Law v Gray, 116 AD3d 699, 700 [2d Dept 2014]); see also Matter of Reynaldo M. v Violet F., 88 AD3d 531 [1st Dept 2011]). This was undoubtedly the case here.
Referee Levy not only issued the initial custody/visitation order in 2015, but also modified that arrangement in the February 2018 custody and visitation order the grandmother seeks to enforce through this petition. She has also presided over the parties' contentious family offense, enforcement and modification petitions, and is fully familiar with the facts and the relevant parties in this case. The petition's allegations — namely, that the child wished to visit with the grandmother and was being denied that right — have been refuted by the child directly. The child's adamant refusal to see the grandmother and desire to "take a break" from her was also evident through the child's own words and expressed to the court through other related petitions presented to it. With this history, the Referee was in a position to render a fully-informed decision, even without the benefit of a full evidentiary hearing on this petition (Law at 699).
Further, as the mother points out, a reversal of the order appealed from would have no practical effect. A hearing is ongoing in the Family Court with respect to the mother's petition to modify the custody and visitation order and her attempts to terminate the grandmother's visits entirely. At the conclusion of that hearing the Family Court will decide whether to modify or to continue the February 2018 custody and visitation order. It is also noted that the order appealed from dismissed the petition "without prejudice," and thus the grandmother will be permitted to [*2]re-file the petition in the event that the Family Court decides to keep the custody and visitation order in place.
We have considered the parties' remaining contentions, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 28, 2020
CLERK