Matter of Dre'Shaun W. (Andrea F.) (2021 NY Slip Op 02775)





Matter of Dre'Shaun W. (Andrea F.)


2021 NY Slip Op 02775


Decided on May 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 04, 2021

Before: Acosta, P.J., Manzanet-Daniels, Moulton, Scarpulla, JJ. 


Docket No. B-26250-51/12 Appeal No. 13755 Case No. 2018-5525 

[*1]In the Matter of Dre'Shaun W. Also Known as Dre'Shuan W. and Another, Dependent Children Under Eighteen Years of Age, etc., Andrea F., Respondent-Appellant, Sheltering Arms Children and Family Services, Petitioner-Respondent.


The Law Offices of Salihah R. Denman, PLLC, New York (Salihah R. Denman of counsel), for appellant.
Dawn M. Shammas, Sheltering Arms Children and Family Services, New York (Dawn M. Shammas of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Raymond E. Rogers of counsel), attorney for the children.



Order of disposition, Family Court, New York County (Clark V. Richardson, J.), entered on or about November 5, 2018, which, after a best interests hearing, and upon a prior finding that respondent mother violated the terms and conditions of a suspended judgment, terminated her parental rights to the subject children and committed custody and guardianship of the children to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.
A preponderance of the evidence supports the finding that it was in the children's best interests to terminate the mother's parental rights so as to free the children for adoption by the foster mother, who has cared for them for most, if not their entire, lives (see Matter of Tony H. [Gwendolyn H.], 68 AD3d 439, 439 [1st Dept 2009]; Matter of Monica Betzy D., 291 AD2d 289, 290 [1st Dept 2002]). The mother violated the terms of the suspended judgment by not participating in random drug testing referrals; failing to regularly attend appointments with the children's therapist and nutritionist; and refusing to obtain suitable housing (see e.g. Matter of Davontay Peter H. [Makeba H.], 127 AD3d 405 [1st Dept 2015], lv denied 25 NY3d 911 [2015]).
The mother's contention that the children should have been appointed separate attorneys is unpreserved (see Matter of Carrieanne G., 15 AD3d 850 [4th Dept 2005], lv denied 4 NY3d 709 [2005]), and, in any event, the 10-year-old child's ambivalence about whether she wanted to be adopted did not warrant separate counsel (see e.g. Matter of Oliver A. [Oguis A.-D.], 167 AD3d 867, 869 [2d Dept 2018]). We also find unavailing the mother's contention that the court improvidently exercised its discretion in denying her motion for disclosure of the child's therapy records as "material and necessary" to her defense (see CPLR 3101[a]; Family Ct Act § 1038[d]). She further failed to demonstrate that "the interests of justice significantly outweigh the [child's] need for confidentiality" (Mental Hygiene Law § 33.13[c][1]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2021