Matter of Mariah C. P. (Mario P.) (2023 NY Slip Op 06485)

Matter of Mariah C. P. (Mario P.)

2023 NY Slip Op 06485

Decided on December 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 19, 2023

Before: Kapnick, J.P., Kennedy, Rodriguez, Pitt-Burke, Rosado, JJ. 

 Docket No. B-30321/16 Appeal No. 1244 Case No. 2022-05150 

[*1]In the Matter of Mariah C. P., A Child Under 18 Years of Age, etc., Mario P., Respondent-Appellant, The Children's Aid Society, Petitioner-Respondent.

Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), for appellant.
Rosin Steinhagen Mendel PLLC, New York (Melissa Wagshul of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Amy Hausknecht of counsel), attorney for the child.

Order of disposition, Family Court, New York County (Keith Brown, J.), entered on or about September 16, 2022, which, after a hearing, to the extent appealed from, upon a finding that respondent father had violated the terms of a suspended judgment, revoked the suspended judgment, terminated the father's parental rights to the subject child, and committed guardianship and custody of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.
A preponderance of the evidence supports Family Court's finding that the father failed to comply with the terms of the suspended judgment (see Matter of Naethael Makai A. [Adwoa A.], 135 AD3d 438, 438 [1st Dept 2016]). Notwithstanding the father's efforts to comply with some of the terms of the judgment, the credible evidence adduced at the hearing established that he failed to visit the child regularly, submit to random toxicology screenings, attend the child's medical and educational appointments, stay in contact with the service providers, or prohibit unsupervised contact between the child and the mother during visits. In light of this evidence, Family Court properly determined that revocation of the suspended judgment and termination of the father's parenting rights to free the child for adoption by the foster mother were in the child's best interests, particularly given the length of time that the child has been in foster care (see Matter of Davontay Peter H. [Makeba H.], 127 AD3d 405, 405 [1st Dept 2015], lv denied 25 NY3d 911 [2015]).
A separate dispositional hearing was not required before terminating the father's parental rights. Family Court presided over the case for nearly 10 years, was very well acquainted with the parties, and had sufficient information to make an informed determination regarding the child's best interests (see Matter of Reyaldo M. v Violet F., 88 AD3d 531, 531 [1st Dept 2011]). The child had lived with the same foster parent for most of her life, had bonded with the parent, and wished to be adopted.
We find no basis to disturb the court's credibility determinations (see Matter of Patrice H.W. [Marcia M.], 209 AD3d 554, 555 [1st Dept 2022]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 19, 2023